590 F.2d 100
 AMERICAN TELEPHONE AND TELEGRAPH COMPANY, a New York
Corporation, Plaintiff- Appellee,
v.
DELTA COMMUNICATIONS CORPORATION, a Mississippi Corporation,
Defendant & Counter-Claimant, Appellant,
v.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, CBS, Inc.,
American Broadcasting Companies, Inc., National
Broadcasting Company, Inc., and Southern
Television Corporation,
Counter-Defendants-Appellees.
 No. 76-2095.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 21, 1979.
 
 Richard E. Wilbourn, Meridian, Miss., John C. Dawson, Sr., Robbin R. Dawson, A. A. White, Houston, Tex., for appellant.
 Alex A. Alston, Jr., Jackson, Miss., James H. Kelley, James R. Loftis, III, William R. Robertson, for American Broadcasting, Etc.
 E. L. Brunini, Sr., Jackson, Miss., Phillip M. Hammett, Peter S. Greenberg, Philadelphia, Pa., for N.B.C.
 Sherwood W. Wise, Thomas G. Lilly, Jackson, Miss., Timothy B. Dyk, James Robertson, Ronald J. Greene, Washington, D. C., Meridian, Miss., for CBS, Inc.
 Walter W. Eppes, Jr., Paul M. Neville, Meridian, Miss., for Southern Television Corp.
 John P. Fons, Birmingham, Ala., Guerry R. Thornton, Atlanta, Ga., D. Winston Cameron, Meridian, Miss., George H. Butler, Lawrence J. Franck, Jackson, Miss., Alfred G. Walton, Bedminster, N. J., for American Tel. & Tel.
 Appeal from the United States District Court for the Southern District of Mississippi.
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 (Opinion 9/11/78, 579 F.2d 972 (5th Cir. 1978))
 Before GEE, FAY and VANCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 A careful consideration of claimant Delta's cogent petition for rehearing persuades us that our mandate should be modified in one respect and requires a brief further explication of our original holding.
 
 
 2
 Selecting and juxtaposing not entirely out of context various passages from the exhaustive opinion of the district court adopted by us, Delta presses upon us that we erred in our application of First National Bank v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). Our error is said to be in having permitted the trial court, in passing on motions for summary judgment, to weigh inferences from the facts established and adopt the more probable inference in support of such a judgment, rather than indulging every reasonable inference in favor of Delta, the party opposing summary disposition. Since we did not intend such a holding, we write briefly to make this plain.
 
 
 3
 In passing on motion for summary judgment, even where the underlying facts are undisputed, it is hornbook law that the court must indulge every Reasonable inference from those facts in favor of the party opposing the motion. Insofar as any weighing of inferences from given facts is permissible, the task of the court is not to weigh these against each other but rather to cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness, casting aside those which do not meet it and focusing solely on those which do. If a frog be found in the party punch bowl, the presence of a mischievous guest but not the occurrence of spontaneous generation may reasonably be inferred.
 
 
 4
 To take an example from this cause, the evidence showed that at no relevant time did Delta command a viewing audience approaching that required for affiliation by the basic policies of either ABC or NBC. As the opinion of the court notes (408 F.Supp. at 1084), "(t)hese policies evinced an economic judgment that unless the network's respective 6,000 or 7,000 household figure was met, national advertisers would not be willing to increase their overall compensation to the networks for the addition of the television stations." We do not believe, in the face of such facts, that an inference of anticompetitive conspiracy is reasonable. As the trial court noted:
 
 
 5
 In First National Bank v. Cities Service Co., 391 U.S. 253, 279, 88 S.Ct. 1575, 1588, 20 L.Ed.2d 569 (1968) the Court in the course of discussing the appropriateness of summary judgment in an antitrust action (a matter discussed in detail in part II, Infra ), stated:
 
 
 6
 Obviously it would not have been evidence of conspiracy if Cities refused to deal with Waldren because the price at which he proposed to sell oil was in excess of that at which oil could be obtained from others. Therefore, it is Only the attractiveness of petitioner's offer that makes failure to take it up suggestive of improper motives. (emphasis added).
 
 
 7
 In Cities Service the Court held that even the defendants' failure to conclude the attractive bargain was insufficient, standing alone, to withstand a summary judgment motion. In the instant case the bargain is demonstrably unattractive. The service of delivering a network's signal to Delta's predicted audience was not worth purchasing. The quoted passage from Cities Service clearly indicates that no inference of anticompetitive conspiracy would be reasonable from the facts here which show no more than the failure to conclude an unattractive bargain.
 
 
 8
 In the absence of any purpose to create or maintain a monopoly, the (Sherman) act does not restrict the long recognized right of trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal.
 
 
 9
 408 F.Supp. at 1085.
 
 
 10
 A reconsideration of the opinion convinces us that, in each instance complained of, the proper rule as set out above has been applied. Certainly the trial court stated the rule correctly at the outset[1] and stated that it had applied it. We think so.
 
 
 11
 Delta complains likewise of the dismissal of its Communications Act claims "without prejudice," pointing out that the actual effect because of limitations is likely a dismissal With prejudice. We therefore vacate the dismissal of these claims and remand the case to the district court with instructions to stay the proceeding pending action by the Federal Communications Commission on matters within its primary jurisdiction. Except to the extent granted above, the petition for rehearing is DENIED, and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the petition for rehearing en banc is DENIED.
 
 
 
 [1]
 In addition to giving Delta the advantage of structuring for it the best possible legal theories, this court, as required in summary judgment actions, has resolved every issue of disputed material fact in favor of Delta and has drawn every reasonable inference from those facts in Delta's favor on each of the theories constructed. Poller v. CBS, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962)
 
 
 [408]
 F.Supp. at 1080