DELTA COMMUNICATIONS
CORPORATION, Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION, and United States of America, Respondents.

No. 84–4784.

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 1985.

---

John C. Dawson, Sr., Houston, Tex., for petitioner.

Robert B. Nicholson, Asst. Chief, Geo. Edelstein, Antitrust Div. Appellate Section, U.S. Dept. of Justice, Washington, D.C., Jack D. Smith, Gen. Counsel, F.C.C., John E. Ingle, Daniel M. Armstrong, Jane E. Mago, Assoc. Gen. Counsels, Washington, D.C., for respondents.

Butler, Snow, O'Mara, Stevens & Cannada, George H. Butler, Lawrence J. Franck, Jackson, Miss., Edmund B. Raftis, Mary E. Deal, Basking Ridge, N.J., for intervenor— American Tel. & Tel. Co.

Before GARZA, POLITZ and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge.

In a case that has now spent over fifteen years slowly meandering its way through the judicial system, including the district court, the appellate court, a federal agency, and now the appellate court again, petitioner Delta Communications Corporation (Delta) petitions for review of a final order of the Federal Communications Commission (FCC). Finding ourselves unable to affirm *in toto* the FCC and to put this seemingly unending case out of its misery, we affirm in part and reverse in part the decision of the FCC.

## I. FACTUAL AND PROCEDURAL BACKGROUND

American Telephone and Telegraph Company (AT & T) provided television transmission services between June 1968 and February 1970 to Delta, the operator of a UHF television station in Meridian, Mississippi. From June 1968 to April 14, 1969, the services rendered by AT & T to Delta consisted of interexchange channel (IXC) services, station connection services, and local loop services. In April 1969 Delta installed its own intercity microwave system so it could supply its own interexchange transmission link and drop the AT & T IXC service. From April 14, 1969, to February 28, 1970, the day Delta ceased operations, AT & T rendered only station connection and local loop services to Delta.

After Delta ceased operations in February 1970, AT & T brought suit against

Delta in August 1970 to recover unpaid charges for station connection and local loop services rendered between October 1969 and February 1970. On October 5, 1970, Delta filed a counterclaim alleging that the amount AT & T had charged for IXC service was unlawful under the Communications Act, 47 U.S.C. §§ 151–609. In 1976 the district court dismissed, without prejudice, Delta's Communications Act counterclaim because the court found that the claim was within the primary jurisdiction of the FCC. *American Telephone & Telegraph Company v. Delta Communications Corporation*, 408 F.Supp. 1075, 1115–17 (S.D.Miss.1976), *aff'd*, 579 F.2d 972 (5th Cir.1978), *partially vacated and remanded on reh'g*, 590 F.2d 100 (5th Cir. 1979).

The FCC's primary jurisdiction became applicable to this dispute because it became necessary to determine whether IXC, station connection, and local loop services are the "same service" within the meaning of 47 U.S.C. § 415(d). This was so because Delta's claim for overcharges on IXC services was for services which had been rendered to it more than one year before AT & T brought suit. The statute of limitations in effect at that time specified that complaints against carriers for recovery of damages had to be filed within one year of the time the cause of action accrued. 47 U.S.C. § 415. Thus it appeared that the statute had run on Delta's IXC claim. A dispute remained, however, because Delta argued that its challenge was timely under an exception provided in section 415(d) to the general limitation period. The exception permits an aggrieved party to initiate a complaint against a carrier within ninety days after the day the carrier institutes an action to collect damages for "the same service." Thus in order for the district court to be able to determine whether Delta's claim was timely, the FCC had to determine whether the three services rendered by AT & T constituted the "same service." Since AT & T's suit was only for unpaid charges on station connection and local loop services, the three services would have to be considered the "same service" in

order for Delta's counterclaim on IXC service to be within the exception of section 415(d). On appeal from the district court's dismissal of the Communications Act claim the Fifth Circuit vacated the dismissal of the claim and remanded that portion of the case to the district court with instructions that it stay the judicial proceedings pending action by the FCC on the matters within the agency's primary jurisdiction. 590 F.2d at 102.

On remand from the Fifth Circuit, and before the FCC had heard the case, in 1980 Delta petitioned the district court to allow Delta to enlarge its counterclaim. Delta's attorneys had discovered a new FCC order which Delta said declared portions of AT & T's station connection and local loop charges unlawful. Thus, in addition to the damages arising from the IXC charges, Delta now sought to recover damages based on the station connection and local loop charges as well.

Since the claim was being added over nine years after AT & T rendered the services to Delta, the claim would clearly be barred by the one year statute of limitations unless the amendment was allowed to "relate back" to the date of the original counterclaim under Fed.R.Civ.P. 15(c). Rule 15(c) permits an amendment to relate back when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Thus the question of whether the amended claim arose out of the same conduct, transaction, or occurrence would partially depend on whether the three services rendered by AT & T were considered the same service, a question, again, within the primary jurisdiction of the FCC.

In an order dated July 9, 1980, the district court permitted the amendment of Delta's counterclaim to include the claim that AT & T overcharged Delta for station connection and local loop services. To resolve the "same service" question, the court also ordered Delta to file a complaint

with the FCC.[1] The first question in the court's order asked the FCC whether Delta's claims were barred by the applicable statute of limitations. If the claims were not barred by the statute of limitations, the FCC was asked to answer three additional questions dealing with the unlawfulness of the tariffs as applied to Delta. The FCC subsequently held that the IXC, station connection, and local loop services were not the "same service" and that both Delta's original and amended counterclaim were barred by the statute of limitations. Pursuant to the district court's instructions, the FCC did not reach the last three questions.

On appeal, Delta does not dispute the FCC's determination that the three services are not the "same service" under section 415(d); however, Delta does dispute the FCC's further determination that Delta's amended counterclaim for station connection and local loop charges is time barred because it does not relate back. Delta contends that the FCC invaded the district court's jurisdiction by improperly interpreting the district court's order and by holding that Delta's amended counterclaim was barred by the statute of limitations. We turn to Delta's contentions.

## II. DISCUSSION

The district court's order allowing the amendment and referring the questions to the FCC actually occurred in two documents, a May 12, 1980, "Memorandum" and a July 9, 1980, "Supplemental Order Following Remand." In relevant part the May 12 Memorandum stated:

The court finds that ... the proposed issue [whether AT & T overcharged Delta for station connection and local loop services] was [n]ever presented to this court.... Because issue (B) [the station connection and local loop services issue] is sought to be presented by amendment as a belated legal development of the same theory supporting original issue (1) [the IXC issue], the court exercises its discretion to permit amendment of the

pleadings in this case so as to add issue (B).

Delta's proposed order develops several claims for decision by the FCC as arising out of these proceedings. There are only two basic claims: original issue (1), and the new issue (B) to be added by amendment. Delta's proposed order also contemplates the reopening of discovery "or similar proceedings" in this court. That will not be permitted. The amendment is allowed solely because it is urged as a legal, not a factual, theory and is identical to a similar theory already developed. The voluminous discovery in this case was so extensive that it would constitute an abuse of discretion at this extremely late stage to allow any amendment which would in any way reopen discovery.

In relevant part the July 9 order stated:

3. Pursuant to this Court's Memorandum Decision of May 12, 1980, Delta's amended counterclaim is taken and considered as having been amended so as to include the additional issue and claim that AT & T's applicable tariff structure for station connection and local loop charges was unlawful as applied to Delta.

4. Pursuant to this Court's Memorandum Decision of May 12, 1980, there are only two basic claims that Delta asserts against AT & T under the Communications Act: (1) that the applicable tariff structure for occasional or nonconsecutive interexchange channel service was unlawful as applied to Delta, and (2) that connection and local loop services was unlawful as applied to Delta.

5. Therefore, it is hereby ordered and adjudged that further proceedings on Delta's amended counterclaim in this cause be, and the same hereby are, stayed until Delta has filed a complaint with the FCC under 47 U.S.C. § 208 and has obtained a determination of the following questions that are within the primary jurisdiction of the FCC and should

1. The relevant portions of the court's order are set out in part II *infra*.

be decided in the first instance by the FCC:

(a) Whether the above described Communications Act claims of Delta are barred by the one year statute of limitations set forth in 47 U.S.C. § 415 prior to its amendment in 1974; *and if not, then:*

(b) Whether the applicable AT & T tariff occasional and nonconsecutive hours of interexchange channel service was unlawful as applied to Delta.

(c) Whether the applicable AT & T tariff for station connection and local loop service was unlawful as applied to Delta.

(d) If said tariff or tariffs are held to be unlawful as applied to Delta, whether Delta is entitled to damages, and, if so, the legal standard applicable to the determination of such damages, including a determination of the burden of proof.

6. Delta's request for the submission of additional claims to the FCC is hereby denied, and Delta's request for the reopening of discovery or similar proceedings in the Court is also denied.

The FCC held that the district judge was allowing the amendment only as an additional legal argument to support Delta's IXC claim. The FCC then held that, as the IXC claim was barred because it was not the "same service" as the service AT & T's complaint involved, the amendment would not revive the claim. In holding that the district court allowed the amendment only as an additional legal argument to support Delta's IXC claim, the FCC ignored language in the district court's order to the contrary, *viz:*

4. Pursuant to this Court's Memorandum Decision of May 12, 1980, there are only *two basic claims* that Delta asserts

against AT & T under the Communications Act: (1) that the applicable tariff structure for occasional or nonconsecutive interexchange channel service was unlawful as applied to Delta, and (2) that AT & T's applicable tariff structure for station connection and local loop services was unlawful as applied to Delta.

(emphasis added). Additionally the first question the district court sent to the FCC implies that Delta now had two separate claims: "Whether the above described Communications Act *claims* of Delta are barred by the one year statute of limitations...." (emphasis added). The third question also implies that the court was permitting Delta to state a new claim for damages based on station connection and local loop services charges.

■■■■ During oral argument the FCC's counsel opined that the district court sent the question concerning the applicability of the statute of limitations to the station connection and local loop services claim to the FCC because the FCC's determination as to the "same service" question would dictate the answer as to whether the amended counterclaim arose out of the same conduct, transaction, or occurrence and whether the amendment could relate back under Rule 15(c). While we believe this was the district court's intention, it is not up to the FCC to interpret the district court's order. When a dispute arose as to the meaning of the district court's order, the FCC should have sought clarification from the district court.[2] Furthermore, the FCC may not decide whether a federal rule of civil procedure permits the amendment of a counterclaim filed in federal court.[3] *Cf. Plano v. Baker*, 504 F.2d 595 (2d Cir. 1974) (constitutional issues lie within the expertise of the courts and not within the expertise of administrators); *Downen v.*

---

**2.** Delta raised a question before the FCC as to the meaning of the district court's July 9 order and requested the FCC to refer the matter back to the district court for clarification. The FCC declined to do so.

**3.** While we realize that the district court's first question to the FCC asks the FCC to determine

whether the statute of limitations had run on Delta's claims, we believe, and the FCC should have also concluded, that the district court was seeking the FCC's answer only as to the "same services" question so that the district court could then determine whether the statute had run.

*Warner*, 481 F.2d 642 (9th Cir.1973) (administrative board may not resolve a claim founded solely on a constitutional right). This is a matter for the court to decide. We are of the opinion that the FCC's role under the July 9 order was limited to deciding whether the three services provided by AT & T constituted the "same service," and does not extend to an interpretation of whether the claims, as amended, are time barred. Armed with this finding the district court may then use the FCC's determination in the court's determination of whether the amendment sought to be added arose out of the same conduct, transaction, or occurrence set forth in the original pleading so as to not be time barred under Rule 15.

### III. CONCLUSION

We affirm the portion of the FCC's order holding that IXC, station connection, and local loop services are not the "same service" under 47 U.S.C. § 415(d). We reverse the portion of the FCC's order holding that the statute of limitations has run on Delta's counterclaims for IXC, station connection, and local loop charges.[4] The case is remanded to the FCC with instructions to the FCC to submit its determination on the "same services" question to the district court so that the court may then determine whether the statute of limitations has run on Delta's counterclaim for station connection and local loop charges.

AFFIRMED in part; REVERSED in part.

---

**4.** Given the FCC's answer to the "same services" question, the statute of limitations clearly has run on Delta's IXC claim; however, we also vacate this portion of the FCC's order so that the district court, which has maintained jurisdiction over the case pending the FCC's determination, may enter an order dismissing Delta's IXC claim.