AMERICAN TELEPHONE AND TELEGRAPH COMPANY, a New York Corporation, Plaintiff and Counterdefendant,

v.

DELTA COMMUNICATIONS CORPORATION, a Mississippi Corporation, Defendant and Counterclaimant.

Civ. A. No. E–1564(L).

United States District Court, S.D. Mississippi, E.D.

Dec. 8, 1986.

George H. Butler, Jackson, Miss., for plaintiff and counterdefendant.

Richard E. Wilbourn, Meridian, Miss., J.C. Dawson, Sr., Houston, Tex., John E. Ingle, Washington, D.C., for defendant and counterclaimant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of the plaintiff, American Telephone & Telegraph Company (AT & T), to dismiss two counterclaims by the defendant, Delta Communications Corporation (Delta). Delta has filed timely response to the motion, and the court has reviewed the memoranda with attachments submitted by the parties in considering the motion.

### I. FACTS

Delta operated a UHF television station in Meridian, Mississippi from 1968 to 1970. AT & T provided television transmission services to Delta between June 1968 and February 1970. The services were rendered under two arrangements. From June 1968 to April 14, 1969, the services consisted of interexchange channel (IXC) service between Jackson, Mississippi and Meridian and station connection and local channel service at Meridian. Under this arrangement, AT & T transmitted network programming from Jackson to the Meridian telephone rate center via IXC or "long lines" service, then transmitted the programming from the Meridian telephone rate center to Delta's studio via the station connection and local channel services.[1] In April 1969, Delta installed its own intercity microwave system to transmit the signals from Jackson to its studios in Meridian, making the AT & T IXC service unnecessary. From April 14, 1969 to February 28, 1970, AT & T provided only station connec-

tion and local channel service at Jackson. Under this second arrangement, AT & T transmitted network programming from the Jackson central office facilities to Delta's microwave transmitter in Jackson, from which the signals were sent directly to Delta's broadcast facilities in Meridian.

Delta's television station ceased operation in February 1970. AT & T filed suit against Delta in August 1970 to recover unpaid charges for station connection and local channel service rendered in Jackson between October 1969 and February 1970. On October 5, 1970, Delta answered, asserting as a defense the illegality of the tariffs covering the particular services. Delta also asserted a counterclaim alleging that the rates AT & T had charged for IXC service were unlawful under the Communications Act, 47 U.S.C. §§ 151–611.

As a defense to the counterclaim, AT & T contended that the counterclaim was barred by the statute of limitations provided in 47 U.S.C. § 415(b), since Delta's claim related to services which had been rendered more than one year before Delta filed its counterclaim.[2] Delta contended that the counterclaim, otherwise clearly time-barred, was preserved by section 415(d), which provides that the period of limitation on an action for damages arising from the provision of a service is extended to ninety days from the time a carrier collects or brings an action to collect charges for the "same service." It was Delta's position that "same service" meant the entire television transmission service provided by AT & T, which included three elements, IXC, station connection and local channel services, billed under the same heading and used to furnish a single broadcast transmission path. Thus, Delta maintained that since it filed its IXC counter-

---

1. Local channel service connected the interexchange channel with Delta's studio in Meridian; station connection service connected the IXC with the local channel in Meridian.

2. 47 U.S.C. § 415(b), prior to its amendment in 1974, provided that complaints under the Communications Act must be filed within one year from the time the cause of action accrued. The

last date on which a cause of action accrues is either the last date a carrier provides service or the date the bill is rendered, whichever is later. In regard to the IXC service, this date was April 14, 1969, more than one year before Delta filed its counterclaim. *Delta Communications Corp.*, No. E–80–40, slip op. at 4 (F.C.C. Common Carrier Bureau May 24, 1982).

claim within ninety days after AT & T brought suit to collect charges for local channel and station connection service, the counterclaim was timely.

This court held that before the statute of limitations question could be resolved, a determination was necessary as to whether the IXC, station connection and local channel services were the "same service" within the meaning of section 415(d). The court further held that the "same service" question and the issue of the legality of the IXC tariffs were both within the primary jurisdiction of the Federal Communications Commission (FCC) and therefore dismissed without prejudice Delta's IXC counterclaim. *American Telephone & Telegraph Company v. Delta Communications Corp.*, 408 F.Supp. 1075, 1115 (S.D.Miss. 1976) (Judge Charles Clark, Fifth Circuit Court of Appeals, sitting by designation), *aff'd*, 579 F.2d 972 (5th Cir.1978), *partially vacated and remanded on reh'g*, 590 F.2d 100 (5th Cir.1979). The United States Court of Appeals for the Fifth Circuit vacated the dismissal of the Communications Act counterclaim and remanded the case with instructions to stay the proceeding pending resolution of the Communications Act claim by the FCC. *American Telephone & Telegraph Co. v. Delta Communications Corp.*, 590 F.2d 100, 102 (5th Cir.1979). On remand, this court ordered the proceedings stayed until Delta had filed a complaint with the FCC pursuant to 47 U.S.C. § 208 and had obtained a determination of questions which were within the primary jurisdiction of the Commission. Before submitting the IXC claim to the FCC, Delta sought to amend its counterclaim to allege that the rates for local channel and station connection services were unlawful as applied to Delta.[3] This court granted leave to amend and ordered that the following questions be submitted to the FCC:

(1) Whether Delta's claims relating to the IXC, local channel and station connection services were barred by the one year statute of limitations set forth in 47 U.S.C. § 415 prior to its amendment in 1974;

(2) If the IXC claim was not barred, whether AT & T's IXC rates were unlawful as applied to Delta;

(3) If the local channel/station connection claim was not barred, whether AT & T's tariffs for local channel and station connection service were unlawful as applied to Delta;

(4) If the rates in question were unlawful, whether Delta was entitled to damages and, if so, the legal standard applicable to the determination of such damages, including a determination of the burden of proof.

The FCC ruled that the IXC, station connection and local channel services were not the "same service" within the meaning of section 415(d). Therefore, the Commission held, the IXC claim was barred by the statute of limitations. The FCC also found that the district court had allowed the amendment alleging illegality of the local channel and station connection tariffs only as "an additional legal argument with respect to [Delta's] allegations relating to interexchange channels" and not as a new claim. Since the IXC claim was time-barred, the Commission ruled, the "additional legal argument" of the unlawfulness of the local channel and station connection rates could not resurrect the barred IXC claim. *Delta Communications Corp.*, E–80–40, slip op. at 6 (F.C.C. Common Carrier Bureau May 24, 1982). Because the FCC held that both claims were time-barred, the question of the validity of the tariffs was not considered.

On Delta's petition for review of the FCC order, the Fifth Circuit affirmed the Commission's ruling on the "same service" question. However, the court held that the question of whether the claims were time-barred was for the district court and the FCC had exceeded its authority in making

---

**3.** This amendment was offered more than nine years after the providing of the services and the bringing of the action by AT & T. Therefore, both parties agreed, the claim was time-barred unless it related back to the date of the original pleading under Fed.R.Civ.P. 15(c).

that determination. The court remanded the case to the FCC with instructions to submit its findings on the "same service" question to the district court for use in the court's determination of whether the claims were time-barred. *Delta Communications Corp. v. Federal Communications Commission*, 777 F.2d 226, 230–31 (5th Cir. 1985).

The case is now back before this court after the submission by the FCC of its ruling. AT & T has moved to dismiss both counterclaims, contending that, in light of the FCC's resolution of the "same service" issue, both claims are barred by the statute of limitations.

## II. DISCUSSION

### A. THE IXC COUNTERCLAIM

■ The last day on which a cause of action could have accrued for the IXC tariffs was April 14, 1969, the last day AT & T provided the interexchange channel. Since Delta did not file within one year of that date, its claim is clearly barred by the statute of limitations unless saved by the extending provision of section 415(d), that is, unless the IXC service is the "same service" as the local channel and station connection service. The FCC ruled that "same service" should be read narrowly to relate only to the specific service elements upon which the carrier seeks to recover its charges and that IXC, station connection and local channel services are not the "same service." The FCC noted that the purpose of section 415(d) was to extend a period of limitation which had not run at the time the carrier sought to collect charges. The Commission reasoned that Delta's interpretation of "same service" would have the effect of reviving a claim that had been extinguished prior to the date AT & T filed its suit, which would be contrary to the purpose of that section. In light of the FCC's ruling on the "same service" question, it is clear that Delta's IXC claim is barred by the statute of limitations provided in 47 U.S.C. § 415(b). Accordingly, Delta's counterclaim alleging the

illegality of the tariffs for IXC services will be dismissed.

### B. THE LOCAL CHANNEL AND STATION CONNECTION COUNTERCLAIM

Had the local channel/station connection counterclaim been asserted at the same time as the IXC counterclaim, it would have been timely, as it would have come within one year after such services were furnished. *See Delta Communications Corp.*, No. E–80–40, slip op. at 5. Delta contends that the original counterclaim did set forth a claim relating to the illegality of the rates for local channel and station connection services and that therefore the 1980 amendment was unnecessary. The court notes that Delta urged this position earlier in the proceedings, when, in 1980, the court was considering whether the claim should be submitted to the FCC along with the IXC claim. This court found in its Memorandum of May 12, 1980 that the issue had not been presented to the court before the 1979–1980 hearings following remand from the Fifth Circuit. The court now reaffirms that conclusion.

Since the claim was asserted more than nine years after the last of such services was rendered, the claim clearly is time-barred unless it relates back to the date of the original counterclaim under Rule 15(c) of the Federal Rules of Civil Procedure. Under Rule 15(c) a claim will relate back if it arose from the same conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading.

■ Delta claims that this court decided the relation-back issue in 1980 when leave was granted to amend to assert the local channel/station connection counterclaim. Since the court did not expressly rule that the claim related back, apparently it is Delta's position that the court would not have allowed the amendment without having determined that the amendment would relate back. The court notes that the parties argued the relation-back issue in briefs prior to the issuance of the order allowing the amendment. However, the fact that the

question was argued does not mean that the court decided the issue in granting leave to amend. Indeed, the proper procedure is for the court to consider whether a request to amend should be granted under Rule 15(a), uninfluenced by whether, under Rule 15(c), the amendment will or will not relate back. If amendment is allowed, the other party may then plead limitation and seek to have the claim dismissed, at which time the question of relation back should be considered. *Copeland Motor Co. v. General Motors Corp.*, 199 F.2d 566, 568 (5th Cir.1952). The court's Memorandum of May 12, 1980 and Supplemental Order Following Remand of June 9, 1980 reflect that this procedure was followed and leave to amend was granted without a decision as to whether the claim asserted by amendment would relate back under Rule 15(c). The fact that the court submitted to the FCC the question of whether the local channel/station connection counterclaim was barred by the statute of limitations (which it would not be if it related back) shows that the court did not decide the relation-back question.

AT & T argues that the claim is time-barred even if it arose out of the same conduct, transaction or occurrence set forth in the original pleading, advancing the novel and remarkable theory that Rule 15(c) is not applicable to amendments to claims asserted under the Communications Act. AT & T submits that section 415 is a substantive statute, jurisdictional in nature, and that, accordingly, the expiration of the time prescribed therein not only bars the remedy but completely extinguishes the liability. The defendant further contends that the substantive provision cannot be overcome by the procedural device of relation back. In support of this proposition, AT & T cites, among other cases, *Midstate Horticultural Co. v. Pennsylvania Railroad*, 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96 (1943), and *Wisconsin Bridge & Iron Co. v. Illinois Terminal Co.*, 88 F.2d 459 (7th Cir.1937). These cases interpret 49 U.S.C.

§ 16(3),[4] the statute of limitations under the Interstate Commerce Act. The language of section 16(3) is substantially the same in all relevant aspects as that of section 415, and its interpretation is a model for the interpretation of section 415. *See Ward v. Northern Ohio Telephone Co.*, 251 F.Supp. 606, 608–11, (N.D.Ohio 1966). The Court in *Midstate* held that the statute of limitations could not be waived by express agreement of the parties to a transaction. *Midstate*, 320 U.S. at 357–58, 64 S.Ct. at 128–29. In *Wisconsin Bridge*, the court held that since section 16(3) was jurisdictional, a defendant could not be estopped from raising the statute of limitations as a defense, even if he had failed to plead it affirmatively, as he could be under a statute of limitations that was not jurisdictional. *Wisconsin Bridge*, 88 F.2d at 461. Neither *Midstate* nor *Wisconsin Bridge* concern relation back; in both cases no claim at all was asserted before the limitation period had run. AT & T has cited no case which holds that relation back did not apply under section 16(3) or does not apply under section 415.

On the other hand, in the case of *Aluminum Company of America v. Admiral Merchants Motor Freight*, 337 F.Supp. 674, 683–84 (N.D.Ill.1972) *aff'd*, 486 F.2d 717 (7th Cir.1973), cited by Delta, the court held that Rule 15(c) relation back was applicable to a defense of limitation under section 16(3). The defendants in that case argued, as AT & T argues now, that federal procedural rules cannot be used to create substantive rights, but the court rejected the contention that allowing relation back would have that effect. AT & T contends that *Aluminum Company of America* is distinguishable because it involved the assertion of a new theory of recovery as opposed to a new claim. However, the court's quotation of Professor Moore that "an amendment which changes only the legal theory of the action, or *adds another claim arising out of the same transaction*

---

**4.** 49 U.S.C. § 16(3) was repealed by Pub.L. 95–473, § 4, Oct. 17, 1978, 92 Stat. 1466, 1470.

*or occurrence,* will relate back ..." [5] clearly suggests that an amendment adding another claim would relate back just as one which changes only the legal theory of the action. Despite AT & T's contention that the case is inapposite, *Aluminum Company of America* supports the proposition that the principle of relation back differs from waiver or estoppel and is applicable to a jurisdictional statute of limitations such as section 415.

Furthermore, other cases indicate that the bar of section 415 is not as absolute as AT & T suggests. In *Pavlak v. Church,* 727 F.2d 1425, 1429 (9th Cir.1984), the court recognized that the section 415 statute of limitations could be tolled pending certification in a related class action. The relation-back principle is more analogous to such tolling than to waiver or estoppel in that, in the former, a claim is filed within the limitation period whereas, in the latter, no claim is brought within the period of limitation. *See also Tele-Valuation, Inc.,* 73 F.C.C.2d 450, 452 (1979) (active fraudulent concealment by defendant tolls statute).

■ AT & T is contending that allowing the relation back of an amendment filed after the limitation period had elapsed would extend the statute of limitations and enlarge the jurisdiction of the court contrary to the policy underlying section 415, but this position is based on an apparent misunderstanding of the principle of relation back. Applying this principle does not extend the statute of limitations, but merely treats a claim set up by amendment as if it had been filed at the time of the original pleading; thus the claim set forth by amendment is deemed to have been filed within the limitation period. No concept of waiver or estoppel is involved. The application of Rule 15(c) does not enlarge the jurisdiction of the court. *USM Corp. v. GKN Fasteners Ltd.,* 578 F.2d 21, 22 (1st Cir.1978). Although the court has jurisdiction only over claims brought within the period specified in section 415, again, the effect of relation back is to treat a claim set forth by amendment as if it had been filed within the limitation period. In other words, when the court obtains jurisdiction by the filing of a timely complaint, it also obtains jurisdiction over any other claim arising out of the same conduct, transaction or occurrence as the original claim. Once a claim has been asserted within the limitation period, the purpose of the statute of limitations—giving timely notice that litigation arises from a particular transaction or occurrence—is satisfied as to any other claim arising out of that transaction or occurrence. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 149, 104 S.Ct. 1723, 1724 n. 3, 80 L.Ed.2d 196 (1984). Therefore, the principle of relation back does not extend the period of limitation, but merely recognizes that the purposes of the statute are accomplished by the filing of the initial pleading.

Finally, in considering the application of Rule 15(c) to claims under the Communications Act, it is appropriate to consider the applicability of relation back in regard to statutes of limitation which are similar to section 415 in their strict enforcement. The statute of limitation under the Jones Act [6] is, like section 16(3) and section 415, a substantive statute, and the running of the statute extinguishes the right and not merely the remedy. *Wounick v. Pittsburgh Consolidation Coal Co.,* 283 F.2d 325, 327 (3rd Cir.), *cert. denied,* 364 U.S. 902, 81 S.Ct. 234, 5 L.Ed.2d 195 (1960). *See also Sanchez v. Loffland Brothers Co.,* 626 F.2d 1228, 1231 (5th Cir.1980) (no estoppel to assert statute of limitations unless defendant's misleading conduct causes plaintiff's failure to file suit; limitations period not tolled by infancy); *Osbourne v. United States,* 164 F.2d 767, 768 (2d Cir. 1947) (defendant cannot waive defense of limitations under this section; period of limitation will not be extended because of

---

**5.** *Aluminum Company of America,* 337 F.Supp. at 684, quoting 3 J. Moore, *Federal Practice* § 15.15[3] (emphasis supplied).

**6.** 46 U.S.C. § 688, incorporating by reference the statute of limitations under the Federal Employers Liability Act, 45 U.S.C. § 56.

infancy or insanity). Yet, even under the strict operation of the Jones Act statute of limitations, relation back is permissible. *See Kilkenny v. Arco Marine, Inc.,* 800 F.2d 853, 856–58 (9th Cir.1986); *Waguespack v. Aetna Life & Casualty Co.,* 795 F.2d 523, 527 (5th Cir.1986); *Kelcey v. Tankers Company,* 217 F.2d 541, 543 (2d Cir.1954).

The same is true with respect to the statute of limitations in the Death on the High Seas Act, 46 U.S.C. § 763 (now section 763a). *See Higginbotham v. Mobil Oil Corp.,* 436 F.2d 8, 11 (5th Cir.1970) (amendment can relate back); *In re Agwi Navigation Co.,* 89 F.2d 11, 12 (2d Cir. 1937) (statute not merely limitation of remedy, but condition on right itself); *Storey v. Garrett Corp.,* 43 F.R.D. 301, 304 (C.D. Cal.1967) (running of statute extinguishes claim); *Fornaris v. American Surety Co. of New York,* 183 F.Supp. 339, 341 (D. Puerto Rico 1960) (amendment would relate back); *Batkiewicz v. Seas Shipping Co.,* 54 F.Supp. 789, 790 (S.D.N.Y.1944) (court has no jurisdiction in action not begun within time allowed).

█ In light of the foregoing, it is clear that no restriction on the operation of the relation-back doctrine has been applied to section 415. Neither does there appear to be any valid reason for imposing such a restriction. Accordingly, the court is of the opinion that the substantive, jurisdictional nature of section 415 does not prevent the relation back of an amendment which meets the requirements of Rule 15(c).

█ AT & T argues in the alternative that even if Rule 15(c) applies to section 415, Delta's local channel/station connection counterclaim cannot relate back to the date of Delta's original pleading because it does not arise out of the same conduct, transaction or occurrence as required by Rule 15(c). AT & T contends that the IXC service, which was the subject of the original counterclaim, and the local channel and station connection service, which was the subject of the amended counterclaim, were parts of completely separate transactions,

especially in light of the FCC's determination that they were not the "same service." From this contention it appears that AT & T's position is that in order for the local channel/station connection counterclaim to relate back, it must arise from the same conduct, transaction or occurrence as the original counterclaim. This position misconstrues Rule 15(c), which provides that whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. The problem with AT & T's contention is that it confuses the term "claim" with the term "pleading." Rule 15(c) allows relation back if the claim asserted by amendment is related to matters charged in the original pleading. Rule 7 of the Federal Rules of Civil Procedure identifies three pleadings which are allowed: complaint, answer and reply. An answer can contain defenses and counterclaims. A counterclaim may be asserted by amendment even if the original pleading contained only defenses. Such a counterclaim will relate back to the time of the filing of the answer if it arises out of the conduct, transaction or occurrence set forth in an affirmative defense. *Banco Para El Comercio v. First National City Bank,* 744 F.2d 237, 243 (2d Cir.1984); *Milam v. Massey-Ferguson, Inc.,* 580 F.Supp. 879, 881 (S.D.Miss.1984); *Rohm and Haas Co. v. Dawson Chemical Co.,* 557 F.Supp. 739, 825–26 (S.D.Tex.1983); Fed.R.Civ.P. 13(f). This result should not be changed by the fact that the answer contains a counterclaim as well as an affirmative defense; the counterclaim set up by amendment will relate back if it arises from the transaction set forth as a defense, even if it is unconnected to the transaction set forth in the original counterclaim.

█ In paragraph three of Delta's answer to AT & T's complaint, Delta denied that it owed AT & T anything for the local channel and station connection services at Jackson because the rates for those services were arbitrary, excessive, unreasonable

and discriminatory. This court in its original opinion recognized the assertion of the illegality of the rates as a defense. *See American Telephone and Telegraph Co.,* 408 F.Supp. at 1079–80. Therefore, Delta's counterclaim alleging that the local channel and station connection rates were illegal arises out of the same conduct, transaction or occurrence which Delta set forth as an affirmative defense in its answer, and the counterclaim will relate back to the date of the filing of that answer.[7] Since the answer was filed within the limitation period for asserting claims relating to the local channel and station connection services, the counterclaim is timely.

■ AT & T also asserts that even if the local channel/station connection counterclaim can be said to arise out of the same conduct, transaction or occurrence set forth in the original pleading, the claim nevertheless cannot relate back because the original pleading did not afford to AT & T sufficient notice of Delta's local channel/station connection claim. AT & T cites *Williams v. United States,* 405 F.2d 234, 236–37 (5th Cir.1968), in which the court stated that the critical element involved in Rule 15(c) determinations is notice to the opposing party. The court said that as long as the amended pleading refers to the same transaction or occurrence which forms the basis for the original pleading *and* the defendant was put on notice of the claim by the first pleading, there will be no bar to amendments. AT & T's contention that Delta's

original pleading furnished insufficient notice must fail for the following reasons:

(1) In paragraph 3 of Delta's answer to AT & T's complaint, as previously stated, Delta asserted the defense that the rates for the local channel and station connection services were arbitrary, excessive, unreasonable and discriminatory; this court recognized Delta's assertion of this defense. Therefore, AT & T knew that Delta was contesting the validity of the local channel and station connection rates at least as a defense and could have prepared to rebut that defense.

(2) The basis of Delta's local channel/station connection counterclaim is that AT & T's tariff structure unreasonably burdens occasional, nonconsecutive users of those services. This same discrimination against occasional users was the basis of Delta's IXC counterclaim. Thus, the IXC counterclaim gave notice that Delta was challenging the validity of the occasional use versus regular use tariff structure.

Accordingly, the court is of the opinion that Delta's original pleading provided sufficient notice of the local channel/station connection claim. Consequently, the counterclaim will relate back.[8]

## III. CONCLUSION

In light of the foregoing, it is the court's opinion that Delta's counterclaim alleging

---

**7.** Even assuming, *arguendo,* that the local channel/station connection counterclaim had to arise from the conduct, transaction or occurrence set forth in Delta's original *counterclaim,* the court is of the opinion that the counterclaim would still relate back. The concept of "conduct, transaction or occurrence" is to be liberally applied. *See Unicure, Inc. v. Thurman,* 97 F.R.D. 1, 6 (W.D.N.Y.1982); *Davis v. Yellow Cab Co.,* 35 F.R.D. 159, 161 (E.D.Pa.1964); *Court Degraw Theatre v. Loew's, Inc.,* 22 F.R.D. 264, 266 (E.D.N.Y.1958). The court is of the opinion that the counterclaims arise out of the same conduct of charging illegal rates, specifically, charging rates which discriminate against occasional or non-consecutive users of the services. *See American Telephone & Telegraph Co. v. Delta Communications Corp.,* No. 1564(C), slip op. at 2 (S.D.Miss. May 12, 1980); *American Telephone and Telegraph Co.,* 408 F.Supp. at 1115;

*Delta Communications Corp.,* No. E–80–40, slip op. at 5.

**8.** Even if the local channel/station connection counterclaim were held not to relate back, it would appear that Delta still would not be precluded from pursuing the claim, since, to the extent that its damages, if any, do not exceed the amount for which AT & T is suing, Delta's claim is in the nature of a recoupment, against which a statute of limitations does not operate. *See Luckenbach Steamship Co. v. United States,* 312 F.2d 545, 549 n. 3 (2d Cir.1963) (limitations do not run against defense of recoupment); *United States v. Summ,* 282 F.Supp. 628, 631 (D.N.J.1968) (defining recoupment); Annot., 1 A.L.R.2d 630, 666–67 (1948) (claim in recoupment not barred by statute of limitations).

the illegality of the tariffs for interexchange channel service is barred by the applicable statute of limitations. The court further concludes that Delta's amended counterclaim asserting the unlawfulness of the local channel and station connection service tariffs relates back to the date of Delta's answer and is not barred by the statute of limitations. The question of whether the rates were unlawful as applied to Delta is, as this court has previously determined, a question within the primary jurisdiction of the FCC.

Accordingly, it is hereby ordered:

(1) That Delta's counterclaim asserting the illegality of the tariffs for interexchange channel service is dismissed.

(2) That AT & T's motion to dismiss Delta's local channel/station connection counterclaim is denied.

(3) That further proceedings on Delta's local channel/station connection counterclaim be stayed until Delta has filed a complaint with the FCC under 47 U.S.C. § 208 and has obtained a determination of the following questions that are within the primary jurisdiction of the Commission:

(a) Whether the applicable AT & T tariff for station connection and local channel service was unlawful as applied to Delta.

(b) If said tariff is held to be unlawful as applied to Delta, whether Delta is entitled to damages and, if so, the legal standard applicable to the determination of such damages, including a determination of the burden of proof.

ORDERED this the 8th day of December, 1986.