**In re James Leroy MARLAR and Ouida Joyce Marlar.**

**Jacob C. PONGETTI, Trustee for the Estate of James Leroy Marlar and Ouida Joyce Marlar, Plaintiff,**

v.

**The SECURITY BANK, n/k/a Deposit Guaranty National Bank, Defendant.**

**Bankruptcy No. 86–01233–BKC–EAS. Adv. No. 88–0147.**

United States Bankruptcy Court, N.D. Mississippi.

Dec. 14, 1989.

Stephen P. Livingston, New Albany, Miss., for James Leroy Marlar and Ouida Joyce Marlar.

Jacob C. Pongetti, Columbus, Miss., trustee.

Louis J. Wade, Culp and Wade, Kansas City, Mo., for Jacob C. Pongetti.

Betty Morgan Benton, Jackson, Miss., and Jeffery M. Navarro, Navarro, Mills and Davis, Aberdeen, Miss., for The Security Bank, n/k/a Deposit Guar. Nat. Bank.

## OPINION

DAVID W. HOUSTON, III,
Bankruptcy Judge.

On consideration of the motion for summary judgment filed by the defendant, The Security Bank, now known as Deposit Guaranty National Bank, hereinafter referred to as defendant or bank; cross motion for summary judgment having been filed by the plaintiff, Jacob C. Pongetti, trustee, hereinafter referred to as plaintiff or trustee; and the Court having reviewed both motions and supporting exhibits and affidavits, hereby finds and adjudicates as follows, to-wit:

### I.

The Court has jurisdiction of the subject matter of and the parties to this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (E), and (O).

### II.

On or about May 5, 1986, the defendant loaned James Leroy Marlar, Ouida Joyce Marlar, and Vera Burns Lang the sum of $77,184.21. The loan transaction was evidenced by two separate notes. Note # 53124, in the principal amount of $38,-184.21, dated May 5, 1986, was secured by a deed of trust encumbering Vera Burns Lang's property and an assignment of a $100,000.00 life insurance policy. Note # 53125, in the principal amount of $39,-000.00, dated May 5, 1986, was also secured by a deed of trust encumbering Vera Burns Lang's property and an assignment of a $100,000.00 life insurance policy. In addition, note # 53125 was secured by a security agreement, containing a standard "dragnet" clause, purporting to encumber James Leroy Marlar's 1986 crop, as well as, by an assignment of crop insurance. Proceeds from the loans were to be used by Marlar for crop production.

On August 28, 1986, the Marlars filed a Chapter 7 bankruptcy petition, and Jacob C. Pongetti was appointed trustee on September 3, 1986.

Prior to the bankruptcy filing, Marlar had obtained an insurance policy from Southern Crop Insurance covering his 1986 crop. After sustaining significant losses to

the crop, he filed a claim for damages with his insurer. In response thereto, Thurston Fire and Casualty Insurance Company issued its draft, dated January 14, 1987, in the amount of $28,164.00 as payment of the claim. On January 23, 1987, Marlar paid the insurance proceeds to the bank.

On August 26, 1988, the trustee filed an adversary complaint alleging that the payment to the bank of the $28,164.00 crop insurance proceeds constituted an avoidable postpetition transfer as contemplated by 11 U.S.C. § 549. As an integral part of the complaint, the trustee asserted that the bank had failed to perfect its security interest in Marlar's 1986 crop and/or the crop proceeds.

The defendant filed a motion for summary judgment on June 26, 1989, asserting that it possessed a valid security interest in the crop, as well as, the funds received from the insurance as "proceeds of the crop" pursuant to § 75-9-306(1), Miss.Code Annotated (1972).

On August 4, 1989, the trustee amended his complaint, alleging four more postpetition transfers. These transfers occurred as a result of payments made by Marlar to the bank from actual crop proceeds that he had received from grain sales and/or payments that he had received from government agricultural programs. The transfers are identified as follows:

| 11/12/86 | Commodity Credit check in the amount of | $18,709.36. |
| 12/18/86 | Tennessee Tombigbee Grain Co. check in the amount of | $ 1,556.15. |
| 2/03/87 | Commodity Credit check in the amount of | $10,103.10. |
| 3/04/87 | Tennessee Tombigbee Grain Co. check in the amount of | $ 3,723.08 |
| | Continental Grain check in the amount of | $ 4,112.21 |
| | Total | $38,203.90 |

The trustee's amended complaint elevated the amount sought to be avoided to the total sum of $74,203.19. The Court is of the opinion, however, that this calculation is mathematically incorrect. The correct total appears to be $66,367.90 ($38,203.90 + $28,164.00.)

Contemporaneously, the trustee filed a cross motion for summary judgment seeking avoidance of all of the postpetition transfers.

In response to the trustee's cross motion for summary judgment, the defendant set forth three affirmative defenses which are:

(1) The plaintiff's cause of action is based on 11 U.S.C. § 550, and any action brought under said section is barred by § 550(e), if filed more than one year after the alleged transfer.

(2) The trustee in the case was appointed on September 3, 1986, and is attempting to avoid certain transfers (November 12, 1986; December 18, 1986; February 3, 1987; March 4, 1987) by virtue of the amended complaint, dated August 4, 1989. The defendant contends that the cause of action is barred by the two year statute of limitations set forth in 11 U.S.C. § 546(a).

(3) Likewise, regarding the four transfers covered in the amended complaint, the defendant asserts that pursuant to 11 U.S.C. § 549(d), the trustee cannot bring an action to recover postpetition transfers if said transfers occurred more than two years before the cause of action is filed.

It becomes necessary for the Court to address each of the affirmative defenses set forth by the defendant before resolving the merits of the two motions for summary judgment.

### III.

The defendant has misread the trustee's position by suggesting that he is proceeding exclusively under 11 U.S.C. § 550. The trustee's amended complaint clearly states that he seeks to avoid the transfers discussed hereinabove under 11 U.S.C. § 547, § 548, § 549, *and/or* § 550. The one year statute of limitations set forth in 11 U.S.C. § 550(e) has no application whatsoever to this proceeding.

### IV.

The Court also finds that 11 U.S.C. § 547 and § 548 are not applicable to this proceeding. These sections respectively ad-

dress preferential transfers and fraudulent transfers which, according to their statutory definitions, are prepetition events. All of the subject transfers obviously occurred postpetition and are specifically addressed by 11 U.S.C. § 549.

## V.

The trustee in the instant action was appointed on September 3, 1986. On August 26, 1988, he filed his original complaint to avoid the transfer that occurred on January 23, 1987. Through his amended complaint, dated August 4, 1989, the trustee is attempting to avoid four additional transfers that occurred on November 12, 1986; December 18, 1986; February 3, 1987; and March 4, 1987. As to the four transfers included in the amended complaint, the defendant contends that the trustee's avoiding powers are barred by the two year statute of limitations set forth in 11 U.S.C. § 546(a)(1), which provides that certain causes of action must be brought by the trustee within two years after his appointment.

Section 546(a)(1) applies to any action or proceeding initiated under 11 U.S.C. § 544, § 545, § 547 § 548 or § 553. Section 549 is expressly excluded from this list. Therefore, 11 U.S.C. § 546(a) is not applicable by its own language since the trustee's cause of action in the instant proceeding arises exclusively under 11 U.S.C. § 549.

## VI.

The trustee's amended complaint includes four transfers which obviously predate the amended complaint by more than two years. Accordingly, the defendant asserts through his third affirmative defense that pursuant to 11 U.S.C. § 549(d), the trustee cannot bring an action to avoid these transfers since they occurred more than two years before the amended cause of action was filed.

It is the position of the trustee that the date of his amended complaint "relates back" to the date of his original complaint as contemplated by Rule 7015, Federal Rules of Bankruptcy Procedure, which incorporates Rule 15(c), Federal Rules of Civil Procedure. By employing Rule 15(c), the trustee maintains that the operative filing date for all of the transfers is the date of the original complaint, i.e., August 26, 1988, which is within the two year period of limitations.

If the date of the amended complaint is found to relate back to the date of the original complaint, the trustee is not barred from attempting to avoid the transfers included in the amended complaint. If the date of the amended complaint cannot relate back, the trustee's cause of action would be limited to the single transaction occurring on January 23, 1987, which was plead in the original complaint.

■ Rule 15(c), Federal Rules of Civil Procedure, reads as follows:

> ... (c) Relation Back of Amendments. *Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.* An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.... (Emphasis added)

Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitations are intended to afford. 3 J. Moore, Moore's Federal Practice § 15.15[3] (2d ed. 1989). In accord with Rule 15(c), a proposed amendment to the original pleading must arise out of the same "conduct, transaction or occurrence" contemplated by the original pleading if "relation back" is to

be allowed. *See, Sessions v. Rusk State Hospital,* 648 F.2d 1066 (5th Cir.1981) (Where a § 1981 [28 U.S.C. § 1981] claim was timely filed, a Title VII claim arising from the same conduct or occurrence related back even though the § 1981 claim was barred by the Eleventh Amendment.); *Harkless v. Sweeny Ind. School Dist. of Sweeney, Texas,* 554 F.2d 1353 (5th Cir. 1977) (An amendment stating a § 1981 claim, arising from same set of facts as set forth in the original complaint, related back to the original complaint.); *Woods Exploration & Producing Co. v. Aluminum Co. of America,* 438 F.2d 1286 (5th Cir.1971), cert. denied 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (Antitrust claim was permitted to relate back; the court noted that Rule 15(c) should be liberally employed.); *Higginbotham v. Mobil Oil Corp.,* 436 F.2d 8 (5th Cir.1970) (Claim under Death on High Seas Act related back to a previously filed admiralty claim resulting from a collision.); *Shepard v. Chrysler Corp.,* 430 F.2d 161 (5th Cir.1970) (Amendment asserting a workmen's compensation claim was permitted to relate back to a claim based on common law negligence.); *Williams v. United States,* 405 F.2d 234 (5th Cir.1968) (Relation back was approved in an action under the Federal Tort Claims Act; the court found that relation back of amendments to the original pleadings under the federal rules should be liberally allowed.); *American Telephone and Telegraph Co. v. Delta Communications Corp.,* 114 F.R.D. 606 (S.D.Miss.1986) (A counterclaim alleging illegal rates was allowed to relate back to the original complaint which disputed connection services charges.); *Barthel v. Stamm,* 145 F.2d 487 (5th Cir.1944) (The court allowed the plaintiff, by amendments to the original pleading, to include additional items of recovery; the amendments were allowed to relate back even after the expiration of the statute of limitations.); *Rural Fire Protection Co. v. Hepp,* 366 F.2d 355 (9th Cir.1966) (In an action for recovery of monies due under the Fair Labor Standards Act, the court allowed the plaintiff to amend under Rule 15(c) to include additional time periods for recovery.).

In his original complaint, the trustee sought to avoid a $28,164.00 transfer by the debtor to the defendant which occurred on January 23, 1987. Funds received from the debtor, representing 1986 crop insurance proceeds, were applied to the indebtedness originating from the two promissory notes dated May 5, 1986. After further investigation, the trustee discovered that four additional postpetition transfers had occurred. These transfers were likewise made by the debtor from actual proceeds that he received from his 1986 crop and/or proceeds that he received from government agricultural programs. The defendant applied these proceeds to the aforesaid notes in the same manner as the crop insurance proceeds. Thus, all of the transfers, sought to be avoided by the trustee in both complaints, are directly related to payments made by the debtor to the defendant on the loan transactions entered into on May 5, 1986. Additionally, all of the transfers were derived from funds received by the debtor as actual or indirect proceeds from his 1986 crop.

In accordance with Rule 7015, Federal Rules of Bankruptcy Procedure, and Rule 15(c), Federal Rules of Civil Procedure, it is the opinion of this Court that the trustee's amended complaint, dated August 4, 1989, should "relate back" to his original complaint, dated August 26, 1988. As such, the avoidance of the additional transfers, set forth in the trustee's amended complaint, is not barred by the two year statute of limitations found in 11 U.S.C. § 549(d).

### VII.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 7056, Federal Rules of Bankruptcy Procedure. The Court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips Oil Co. v. OKC Corp.,* 812

F.2d 265 (5th Cir.1987); *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a factfinder to find for that party." *Phillips,* 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips,* 812 F.2d at 272.

In the instant proceeding, it appears that there are genuine factual matters still in dispute, to-wit:

(1) The Court has no information before it concerning the validity of the assignment of the crop insurance proceeds by the debtor to the defendant.

(2) Likewise, the Court has no specific underlying information concerning the payments received by the debtor from the Commodity Credit Corporation which were also transferred to the defendant.

(3) Lastly, as set forth previously in this Opinion, there appears to be a possible error regarding the precise total amount of monies transferred to the defendant.

Until these issues are resolved, the motions for summary judgment are untimely and not well taken. As such, the Court is of the opinion that both motions for summary judgment should be overruled.

An Order will be entered consistent with this Opinion.