**In re BIGGS, INC., Debtor.**

**Stephen P. MAYKA, Trustee, Plaintiff,**

**v.**

**DOLLAR BANK, FEDERAL SAVINGS BANK, Defendant/Third–Party Plaintiff,**

**v.**

**Myron R. SWARTZ and Laurel Swartz, Third–Party Defendants.**

**Bankruptcy No. 91–21308–BM.**
**Adv. No. 93–2283–BM.**

United States Bankruptcy Court, W.D. Pennsylvania.

Oct. 20, 1993.

Stephen P. Mayka, Lacy, Katzen, Ryen & Mittleman, Rochester, NY, Michael J. Yurcheshen, Yurcheshen & Baggett, Pittsburgh, PA, for plaintiff/Stephen P. Mayka, Trustee.

Douglas A. Campbell, Campbell & Levine, Pittsburgh, PA, for defendant/third-party plaintiff Dollar Bank, Federal Sav. Bank.

Bruce M. Campbell, Plowman, Spiegel & Lewis, P.C., Pittsburgh, PA, for third-party defendants Myron R. and Laurel Swartz.

Kathleen Robb–Singer, Office of United States Trustee, Pittsburgh, PA.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Several matters are before the court at this time. Dollar Bank, Federal Savings Bank ("Dollar"), has moved for summary judgment with respect to the fourth, fifth, sixth, and eleventh defenses asserted in its answer to the trustee's complaint to set aside preferences filed at the above-captioned adversary action. Its motion will be denied.

Stephen P. Mayka, the chapter 7 trustee ("trustee"), has moved for partial summary judgment and seeks a determination, as a matter of law:

(1) that debtor had transferred its property;

(2) to or for the benefit of a creditor;

(3) on account of an antecedent debt;

(4) within one year prior to the filing of the bankruptcy petition;

(5) that the amount of these transfers was $669,816.02; and

(6) that Dollar had not properly perfected its security interest with the exception of collateral located at two of debtor's eight outlets.

The trustee's motion will be granted in part and denied in part. Summary judgment will be granted as to issues (1), (2), and (3), but will not be granted as to issues (4), (5), and (6).

Third-party defendants Myron Swartz and Laurel Swartz ("the Swartzes") have moved to dismiss Dollar's third-party complaint against them for failure to state a claim upon which relief may be granted. The motion will be granted.

–I–

### FACTS

Debtor sold toys and games, sporting goods, hardware, and housewares at several retail outlets located in Pennsylvania, Ohio, and Indiana.

Third-party defendant Myron Swartz had been debtor's president and sole shareholder since 1970.

Debtor had obtained a line of credit from Mellon Bank in 1974 to finance its operations. It was required to pay off the line of credit for at least thirty (30) days during each year. When debtor failed to do so in 1988 and 1989, Mellon called the loan in 1990 and demanded payment in full.

In May of 1990, debtor approached Dollar seeking to obtain an alternative line of credit to finance its business operations. Dollar agreed to provide debtor with a line of credit.

On July 12, 1990, debtor executed:

(1) a loan agreement with Dollar for a revolving line of credit up to $650,000.00;

(2) a promissory note in favor of Dollar in the amount of $650,000.00; and

(3) a security agreement granting Dollar a security interest in all of debtor's receivables, equipment, and inventory.

Payment of debtor's obligation was personally guaranteed by the Swartzes, who executed a guaranty and suretyship agreement and a mortgage against their personal residence in favor of Dollar on July 12, 1990. The guaranty and suretyship agreement contained an addendum which provided that:

In the event of Default under the Line of Credit, the Security Agreement, or this Guaranty and Suretyship Agreement, then Bank will first make a reasonable effort to recover its security and the indebtedness from the sale of the Inven-

tory of Biggs, Inc. prior to foreclosing on Guarantors' residence, i.e., 10 Robin Road, Pittsburgh, PA. 15217, or otherwise moving against Guarantors' other personal assets.

Dollar subsequently filed UCC–1 financing statements in Pennsylvania, Ohio, and Indiana in an attempt to perfect its security interest in collateral located in these jurisdictions.

An involuntary chapter 7 petition was brought against debtor on April 19, 1991 by petitioning creditors Hasbro, Inc., Tyco Industries, Inc., and Parker Brothers. On May 13, 1991, an order for relief was entered. Mark L. Glosser was appointed as interim trustee on May 17, 1991.

Creditors elected Stephen P. Mayka as permanent chapter 7 trustee at a § 341 meeting of creditors held on July 18, 1991. An order authorizing his appointment as chapter 7 trustee was entered on August 6, 1991.

On July 26, 1991, Dollar filed a motion for relief from the automatic stay (filed at Motion No. 91–5452M). The motion was voluntarily withdrawn on August 20, 1991.

Dollar brought a mortgage foreclosure action in state court in 1992 against the Swartzes to obtain satisfaction of indebtedness pursuant to the guaranty and suretyship agreement the Swartzes had executed. Summary judgment in favor of the Swartzes and against Dollar was entered in that proceeding on February 19, 1993. The court held that Dollar's right to recover from the Swartzes under the guaranty agreement had been "extinguished" because Dollar had failed first to make a reasonable effort to obtain satisfaction from a sale of Biggs, Inc. inventory.

On May 21, 1993, the chapter 7 trustee brought the above adversary action against Dollar. The complaint states that the action was brought pursuant to 11 U.S.C. § 547(b) to recover alleged preferential transfers debtor had made to Dollar. According to trustee, debtor had paid Dollar the sum of $689,542.67 between July 20, 1990 and April 29, 1991 in connection with

the debt arising under the promissory note debtor had executed on July 12, 1990.

Dollar asserted twelve (12) defenses in its answer to the trustee's complaint.

The fourth defense asserted that several of the alleged transfers had been made after, rather than on or before, the filing date of the involuntary petition.

The fifth defense asserted that the transfers to Dollar had been made in the ordinary course of business and according to ordinary business terms.

The sixth defense denied that the transfers in question enabled Dollar to receive more than it would receive by way of distribution in the chapter 7 case.

The eleventh defense asserted that debtor was solvent when the transfers in question occurred.

On July 12, 1993, Dollar brought a third-party complaint against the Swartzes. Dollar asserts that the Swartzes are insiders of debtor who had executed a guaranty and suretyship agreement in favor of Dollar with respect to debtor's obligations to Dollar. Dollar further asserts that any recovery by the trustee from Dollar for transfers to it which occurred more than ninety (90) days prior to the filing of the bankruptcy petition necessarily would be premised on the fact that said transfers were for the benefit of the Swartzes as insiders of debtor. According to Dollar, if any of these transfers are recoverable from Dollar because of the benefit conferred upon the Swartzes, Dollar should be entitled to recover a like amount from the Swartzes. Dollar requests, in its prayer for relief, an order determining that the Swartzes are "liable over" to Dollar for any amount the trustee recovers from Dollar for transfers to it more than ninety days prior to the filing of the bankruptcy petition.

On August 19, 1993, the Swartzes moved to dismiss the third-party complaint. They maintain that the complaint against them should be dismissed because: (1) the trustee's action against Dollar was time barred; and (2) it fails to state a claim upon which relief may be granted.

On August 26, 1993, the trustee filed a motion for partial summary judgment. He asked the court to determine, as a matter of law, that:

(1) debtor had transferred its property;

(2) to or for the benefit of a creditor;

(3) on account of an antecedent debt;

(4) within one year prior to the filing of the bankruptcy petition;

(5) the amount of these transfers was $669,816.02; and

(6) Dollar had not properly perfected its security interest with the exception of collateral located at two of debtor's eight outlets.

Dollar filed a motion for summary judgment that same day with respect to the fourth, fifth, sixth, and eleventh defenses asserted in its answer.

## –II–
## ANALYSIS

### A) *Standard For Summary Judgment*

Summary judgment shall be entered forthwith:

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law....

Fed.R.Civ.P. 56(c).[1]

A fact is material "if it might affect the outcome of the suit under the governing law". *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party". *Id.*

Summary judgment is appropriate against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the bur-

den of proof at trial". *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden on the moving party is discharged by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. The nonmoving party then must come forward with specific facts to support its claim which show that there is a genuine issue for trial. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

### B) *Elements Of A Preferential Transfer*

The following must be established in order for the trustee to prevail against Dollar under 11 U.S.C. § 547(b):

(1) a transfer of debtor's property occurred;

(2) to or for the benefit of a creditor;

(3) for or on account of an antecedent debt owed by debtor before the transfer occurred;

(4) made on or within ninety days before the filing of the bankruptcy petition, or within one year if the creditor is an insider;

(5) made while debtor was insolvent; and

(6) the transfer enabled the creditor to receive more than it would if:

(A) the case had been brought under chapter 7;

(B) the transfer had not occurred; and

(C) the creditor received payment for the debt to the extent provided for under the Bankruptcy Code.

See *In re Allegheny Label, Inc.,* 128 B.R. 947, 951 (Bankr.W.D.Pa.1991).

The trustee has the burden of proving each of the above elements by a preponderance of the evidence. *Id.*

■ Debtor is **presumed** to be insolvent during the 90–day period prior to the filing of the bankruptcy petition. **See** 11 U.S.C. § 547(g). Although this presumption places a burden on the creditor (or transferee) to come forward with evidence to

---

**1.** Fed.R.Civ.P. 56 applies to adversary proceedings in bankruptcy. **See** Federal Rule of Bankruptcy Procedure 7056.

rebut the presumption, the ultimate burden of proof that debtor was insolvent during that period remains with the trustee. **See** *Clay v. Traders Bank of Kansas City*, 708 F.2d 1347, 1351 (8th Cir.1983).

■ The United States Court of Appeals for the Seventh Circuit has held that transfers made more than ninety days but within one year of the bankruptcy filing which benefit insider guarantors by relieving them of their contingent liability may be recovered from a non-insider creditor who received payments on a debt owed by debtor to the non-insider creditor. **See** *Levit v. Ingersoll Rand Financial Corp. (In re V.N. Deprizio Construction Co.)*, 874 F.2d 1186 (7th Cir.1989). Although the United States Court of Appeals for the Third Circuit has not yet ruled on this question, other courts of appeals have adopted *Deprizio*. **See** *Ray v. City Bank and Trust Co. (In re C–L Cartage Co.)*, 899 F.2d 1490 (6th Cir.1990); **also** *Manufacturers Hanover Leasing Corp. v. Lowrey (In re Robinson)*, 892 F.2d 850 (10th Cir.1989).

The trustee relies upon *Deprizio* in this adversary action. He alleges that the Swartzes are insiders of debtor who guaranteed payment of its debt to Dollar and seeks to recover **from Dollar** all payments debtor had made to it within one year of the bankruptcy filing.

There are "exceptions" to the trustee's power to avoid a transfer that otherwise may be a preference. One such exception is set forth at 11 U.S.C. § 547(c)(2):

(c) the trustee may not avoid under this section a transfer—

. . . . .

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms.

■ The transferee has the burden of proving that a transfer is not avoidable pursuant to 11 U.S.C. § 547(c). **See** 11 U.S.C. § 547(g). All of the above requirements must be established by a preponderance of the evidence. **See** *In re Production Steel, Inc.*, 54 B.R. 417, 419 (Bankr. M.D.Tenn.1985).

■ "Ordinary" contemplates what is ordinary with respect to the parties. Among the factors that may be relevant are: (1) the prior course of dealing of the parties; (2) the amount of the payments; (3) the timing of the payments; and (4) the circumstances surrounding the payments. **See** *In re Pittsburgh Cut Flower Co.*, 124 B.R. 451, 461 (Bankr.W.D.Pa.1991).

**C) *Summary Judgment Motion By Dollar***

As has been indicated, Dollar seeks summary judgment on the basis of the fourth, fifth, sixth, and eleventh defenses raised in its answer to the trustee's complaint.

**1. *Fourth Defense.***

■ Paragraph 7 of the complaint states that:

[t]his is an adversary proceeding to avoid and recover for the benefit of the bankruptcy estate certain preferential transfers made by debtor to Dollar Bank, Federal Savings Bank ("Defendant"), and is brought pursuant to Bankruptcy [sic] § 547(b)....

The trustee alleges in paragraph 18 that debtor paid Dollar the sum of $681,542.67 between July 12, 1990 and April 29, 1991. Of that amount, the sum of $11,726.65 allegedly was paid to Dollar **after** the bankruptcy petition had been filed.

As previously noted, Section 547(b) applies only to transfers that are made **before** the filing of the bankruptcy petition. Dollar does not deny that these postpetition transfers occurred but instead seeks summary judgment with respect to these payments because they were made **after** the petition had been filed.

The trustee concedes that these transfers are not recoverable pursuant to Section

547(b) but notes that reference was made in paragraph 6 of the complaint to 11 U.S.C. § 549 (postpetition transfers). The trustee requests leave pursuant to Fed. R.Civ.P. 15 to amend the complaint to include a cause of action for these postpetition transfers pursuant to 11 U.S.C. § 549(a).[2]

The trustee will be granted leave to amend the complaint within ten days to include a cause of action pursuant to Section 549(a). Dollar will not be unduly prejudiced by such an amendment. The amended pleading will relate back pursuant to Fed.R.Civ.P. 15(c)(2)[3] to May 21, 1991, the date on which the original complaint was filed. See *In re Molded Acoustical Products, Inc.*, 150 B.R. 608, 613 (E.D.Pa. 1993); **also** *In re Marlar*, 120 B.R. 51, 54–55 (Bankr.N.D.Miss.1989).

### 2. *Fifth Defense.*

■ Dollar also seeks summary judgment on the basis of its fifth defense, in which it asserts the ordinary-course-of-business exception set forth at 11 U.S.C. § 547(c)(2).

Subsections 547(c)(2)(A) and (B) require a determination whether the debt and the transfer were "ordinary" from a subjective viewpoint—i.e., given the prior course of conduct of the parties. Subsection 547(c)(2)(C), by contrast, requires the court to examine the transfer from an objective viewpoint—i.e., whether it was consistent with industry-wide norms. See *In re Molded Acoustical Products, Inc.*, 150 B.R. at 615.

It would be premature for the court to conclude, at this stage of the case, that Dollar is entitled to a judgment in its favor on the basis of Section 547(c)(2).

A genuine issue exists concerning whether the debt to Dollar was incurred by debtor in the ordinary course of its business.

Debtor was forced to seek financing from another source in order to continue its operations after Mellon refused in 1990 to extend further credit to debtor. Had it not procured financing from another source, it is likely that debtor would have gone out of business at that time.

A genuine issue also exists as to whether certain of the payments to Dollar were made in the ordinary course of debtor's business. Debtor sold substantially all of its assets to General Merchandise Corporation on January 2, 1991. It is unclear whether debtor still was in business after the sale or whether it effectively had been liquidated. There is evidence indicating that approximately $200,000.00 in payments were made to Dollar between January 2, 1991 and the filing of the bankruptcy petition.

Finally, substantial question remains as to whether these transfers were made according to ordinary business terms—i.e. whether they were consistent with industry-wide standards—or were made merely for the benefit of the Swartzes as guarantors of the debt to Dollar.

### 3. *Sixth Defense.*

■ Dollar also argues that it is entitled to summary judgment because there is no genuine dispute that it did **not** receive more than it would receive under the Bankruptcy Code in a chapter 7 proceeding. This contention is without merit.

A genuine issue remains as to whether the UCC–1 statements Dollar filed were sufficient to perfect its security interest in collateral located in several of debtor's retail outlets. The trustee has raised substantial questions concerning the legal sufficiency of several of the UCC–1 statements filed by Dollar.

---

**2.** 11 U.S.C. § 549(a) provides as follows:
(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
(1) that occurs after the commencement of the case; and
(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized by this title or by the court.

**3.** Fed.R.Civ.P. 15 applies to adversary proceedings in bankruptcy. **See** Federal Rule of Bankruptcy Procedure 7015.

A genuine issue also remains as to whether the value of the collateral in which the trustee concedes Dollar did have a perfected security interest was at least equal in value to the amount of prepetition payments it received from debtor. The trustee's accountant has stated in an affidavit that the value of the collateral in which Dollar admittedly had a perfected security interest was less than the amounts paid to Dollar.

■ Dollar also argues, without merit, that it is entitled to summary judgment based on its sixth defense because the trustee first had to bring an action pursuant to 11 U.S.C. § 544 (which the trustee admittedly did not) and is now barred by 11 U.S.C. § 546(a)(1) [4] from doing so at this late date.

Dollar has cited to no authority for the proposition that the trustee must first bring an avoidance action pursuant to 11 U.S.C. § 544 in order to challenge a creditor's security interest in an action brought pursuant to 11 U.S.C. § 547(b) and has offered no reason why the trustee should be required to do so. Moreover, the trustee's avoiding powers as set forth in Sections 544 through 549 are self-contained and vest the trustee with separate and distinct avoidance powers. They are **not** interdependent. **See** *In re Kleckner*, 81 B.R. 464, 465 (Bankr.N.D.Ill.1988); **also** *Matter of Hayes*, 5 B.R. 676, 678 (Bankr. S.D.Ohio 1980).

**4. *Eleventh Defense.***

■ Dollar's assertion that it is entitled to summary judgment with respect to its eleventh defense—i.e., that debtor was solvent when it made the contested prepetition transfers to Dollar—also is without merit.

"Insolvent" means, for purposes of this action, that the sum of debtor's debts is greater than all of its property at fair valuation, exclusive of property trans-ferred, concealed, or removed with intent to hinder, delay, or defraud debtor's creditors. **See** 11 U.S.C. § 101(32).

A genuine issue exists as to whether debtor was solvent when it made payments to Dollar in satisfaction of its debt. Dollar's accountant has stated in an affidavit that debtor was solvent. The trustee's accountant has stated in an affidavit that debtor was not. The issue of debtor's solvency **vel non** can be resolved only after these individuals have testified at trial and been subjected to cross-examination.

**D)** *The Trustee's Motion For Partial Summary Judgment*

■ The issues with respect to which the trustee seeks summary judgment were set forth previously. The trustee is entitled to summary judgment with respect to elements (1), (2), and (3) required under 11 U.S.C. § 547(b). There are no genuine issues of material fact that:

(1) transfers of debtor's property occurred;

(2) or for the benefit of a creditor; and

(3) for or on account of an antecedent debt owed by debtor before the transfers occurred.

There also is no genuine issue that several transfers occurred within ninety days of the filing of the bankruptcy petition. However, a genuine issue remains as to whether transfers were made for the benefit of insiders within one year of the filing of the bankruptcy petition. Dollar denies that the Swartzes qualify as insiders, for whose benefit the transfers occurred, by virtue of the determination in state court that the guaranty and suretyship agreement is not enforceable against the Swartzes. Determination whether the Swartzes qualify as insiders for whose benefit the transfers to Dollar were made is a factual issue that can be resolved only after trial.

■ A genuine issue also remains as to the amounts transferred to Dollar during the relevant period of time. Dollar has

**4.** 11 U.S.C. § 546(a)(1) provides as follows:
(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title;
(2) the time the case is closed or dismissed.

denied in an affidavit that certain transfers ever occurred. The amount of the transfers to Dollar can be ascertained only after trial.

■ Finally, the trustee's request for a determination that Dollar failed to perfect its security interest except for collateral located at two of debtor's retail stores in Pennsylvania must be denied for the same reason as Dollar's request for summary judgment with respect to its sixth defense was denied. It would be premature for the court to determine at this time whether certain UCC–1 financing statements filed by Dollar were legally sufficient to perfect its security interest in collateral located at other retail outlets.

### E) *Motion To Dismiss Third–Party Complaint*

■ The Swartzes assert that the third-party complaint against them must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it fails to state a claim upon which Dollar may be granted relief.

■ The court must, when entertaining a Rule 12(b)(6) motion, take all factual allegations of the complaint as true, construe them in a light most favorable to plaintiff, and determine whether plaintiff might be entitled to relief under any reasonable reading of the complaint. See *Rogin v. Bensalem Township,* 616 F.2d 680, 685 (3d Cir.1980). Dismissal is warranted only when it is manifestly obvious that plaintiff cannot prove any set of facts which would entitle it to relief. See *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

As has been noted, the trustee's action against Dollar is based upon *Deprizio.* He seeks to recover **from Dollar** all payments debtor made to it more than ninety days but less than one year prior to the filing of the bankruptcy petition on the theory that the Swartzes are insiders of debtor who guaranteed payment of the debt to Dollar

and who therefore benefitted from debtor's payments to Dollar.

Dollar evidently is **not** relying upon the guarantee executed by the Swartzes enjoining them as third-party defendants.[5] As far as can be ascertained, Dollar's third-party complaint is based upon an extended application of *Deprizio.* Dollar argues that it would be "anomalous" to permit the trustee to recover from Dollar under *Deprizio* while not permitting the trustee to recover the same amount from the Swartzes.

Paragraph 7 of Dollar's response to the Swartzes' motion to dismiss states as follows:

> However, to the extent … this Court adopts the holding of *Levit v. Ingersoll Rand [Financial] Corp. (In re V.N. Deprizio Constr. Co.).* 874 F.2d 1186 (7th Cir.1989) allowing recover [sic] from the Bank of transfers made in the one year preceding the bankruptcy, the Third Party Defendants will remain liable over to Dollar Bank. Any recovery from Dollar Bank would be premised on the fact that insiders—the Third–Party Defendants—, who are liable in their own right for the preferential transfers, benefitted from them. 11 U.S.C. § 547. To not allow the Bank to then recover its claim from the insider/guarantor would give the insider a second bite of a forbidden apple. It would allow the insiders to retain the benefit of the "insider" preference, not being liable for the payments they guaranteed, while depriving the creditor of the benefit of the payments to which he was legally entitled. This is an anomalous result which would do nothing to promote the purpose of the "insider preference" provisions of the Bankruptcy Code.

Dollar's reliance upon *Deprizio* as somehow providing a legal basis for its third-party complaint against the Swartzes is misplaced. No relief can be granted in this instance that is based on the holding in *Deprizio* or an extension thereof.

---

**5.** Dollar most likely is not relying on the guarantee in light of the decision rendered against

Dollar in state court on February 19, 1993.

The major question posed in *Deprizio* was whether **the trustee** may recover from an "outside creditor" **pursuant to 11 U.S.C. § 550(a)(1)** a transfer made more than ninety days before the filing that is avoidable under 11 U.S.C. § 547(b) because of a benefit to an "inside creditor". 874 F.2d at 1194.

Resolution of this issue was based on what the *Deprizio* court took to be the plain language of the Code:

> The textual argument ... is simple. Section 547(b) defines which transfers are "avoidable". No one doubts that a transfer to Lender produces a "benefit" for Guarantor. After § 547 defines which transfers may be avoided, § 550(a) identifies who is responsible for payments: "the initial transferee of such transferor or the entity for whose benefit such transfer was made (emphasis added). This gives the trustee the option to collect from Lender, Guarantor, or both, subject only to the provision of § 550(c) that there can be but one satisfaction.

874 F.2d at 1194.

Section 550(a) expressly provides that, to the extent that a transfer is avoided under section 547, **the trustee** may recover, **for the benefit of the estate,** the property transferred (or the value of such property) from the initial transferee, from the entity for whose benefit such transfer was made, or from any immediate or mediate transferee of the initial transferee.

Dollar's attempt in the third-party complaint to recover from the Swartzes on the basis of *Deprizio* (or an extension thereof) must fail because it does not square with the express language of Section 550(a) in at least two respects.

Section 550(a) expressly provides that **the trustee** may so recover. Although a debtor-in-possession may, in certain circumstances, "stand in the trustee's shoes" pursuant to 11 U.S.C. § 1107(a), a creditor such as Dollar may not.

Also, § 550(a) expressly provides that the trustee may so recover **for the benefit of the estate.** Any recovery by Dollar from the Swartzes would inure to the benefit of Dollar, **not** the bankruptcy estate.

Dollar's third-party complaint will be dismissed because Dollar has articulated no cognizable legal theory upon which it may be granted relief from the Swartzes.

An appropriate order shall be issued.

### ORDER OF COURT

AND NOW at Pittsburgh this 20th day of October, 1993, in accordance with the foregoing Memorandum Opinion, it hereby is **ORDERED, ADJUDGED** and **DECREED** as follows:

(1) The motion for summary judgment filed by Dollar Bank, Federal Savings Bank, is **DENIED.**

(2) Stephen P. Mayka, trustee, is granted leave to amend the complaint against Dollar Bank, Federal Savings Bank, within ten (10) days of receipt of this Memorandum and Order, to include a claim pursuant to 11 U.S.C. § 549;

(3) The motion for partial summary judgment filed by Stephen P. Mayka, trustee, is **GRANTED IN PART** and **DENIED IN PART.**

Summary judgment in favor of the trustee is granted with respect to the facts that:

a) certain transfers of debtor's property occurred;

b) to or for the benefit of a creditor; and

c) on account of an antecedent debt.

The remainder of the trustee's request for partial summary judgment is denied.

(4) The third-party complaint filed by Dollar Bank, Federal Savings Bank against Myron R. Swartz and Laurel Swartz is **DISMISSED.**

IT IS SO **ORDERED.**