481 F.2d 642
 8 Fair Empl.Prac.Cas. 332, 6 Empl. Prac. Dec. P 8710
Gail Waugh DOWNEN, Appellant,
v.
John W. WARNER, Secretary of the Navy, and Robert E.
Cushman, Jr., Commandant, United States Marine
Corps., Appellees.
 No. 71-2683.
 United States Court of Appeals,
Ninth Circuit.
 July 2, 1973.
 
 Daniel B. Hunter, of Hunter, Dougherty & Ryan, San Diego, Cal., for appellant.
 Harry D. Steward, U. S. Atty., Robert H. Filsinger, Keith E. McWilliams, Asst. U. S. Attys., San Diego, Cal., for appellees.
 Before BROWNING, DUNIWAY. and ELY, Circuit Judges
 OPINION
 ELY, Circuit Judge:
 
 
 1
 Gail Waugh Downen served as a regular officer in the United States Marine Corps until her marriage to Robert E. Downen. Since Mr. Downen was then the father of two children, ages thirteen and fifteen, Mrs. Downen was on January 31, 1969, discharged from the service pursuant to a Corps regulation that terminates the commission of any female officer who becomes "the step-parent of a child under the age of 18 years who is within the household of the woman for a period of more than thirty days a year. . . ." 32 C.F.R. Sec. 714.1(d)(3)(i)(c); 32 C.F.R. Sec. 730.61(c)(2)(iii).
 
 
 2
 In December of 1970, Mrs. Downen complained in District Court that the regulation compelling her separation from the Corps unconstitutionally discriminated against her solely by reason of her sex in violation of the due process clause of the Fifth Amendment.[1] She sought a judgment (1) declaring that her discharge was unconstitutional, and (2) ordering reinstatement along with back pay and allowance.
 
 
 3
 The District Court declared that Mrs. Downen should first have sought administrative relief through the Board for Correction of Naval Records. Her failure, in the court's view, to exhaust this administrative remedy deprived the court of jurisdiction and the action was dismissed.
 
 
 4
 The judicially-created exhaustion requirement is intended to facilitate the development of a full factual record, to encourage the exercise of administrative expertise and discretion, and to promote judicial and administrative efficiency. See McKart v. United States, 395 U.S. 185, 194-195, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); United States v. Nelson, 476 F.2d 254 (9th Cir. 1973); United States v. Hayden, 445 F.2d 1365, 1375 n.16 (9th Cir. 1971); Wills v. United States, 384 F.2d 943, 945 (9th Cir. 1967). The doctrine is not an absolute bar to judical consideration and where justification for invoking the doctrine is absent, application is unwarranted. See id. Resolving a claim founded solely upon a constitutional right is singularly suited to a judicial forum and clearly inappropriate to an administrative board. Mrs. Downen's complaint rests solely upon the resolution of her constitutional claim. Accordingly, Mrs. Downen was not barred from District Court through her failure to exhaust administrative remedies.
 
 
 5
 Upon remand, the District Court will consider the constitutional issues, especially in light of Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L. Ed.2d 583 (1973). There, the Court overturned a statute that conditioned fringe benefits for servicewomen's spouses upon a showing of actual dependency. The statute, which imposed no similar burden on servicemen, was justified solely on grounds of administrative convenience. Though divided in approach, the Court agreed, with one dissent, that this difference in treatment was discrimination violative of Fifth Amendment due process. See note 1, supra.
 
 
 6
 The four Justice plurality, speaking through Mr. Justice Brennan, reasoned that classifications based upon sex are inherently suspect and must therefore be subjected to the strictest judicial scrutiny:
 
 
 7
 "[S]ince sex, like race and national origin, is an immutable characteristic determined solely by the accident of birth, the imposition of special disabilities upon the members of a particular sex because of their sex would seem to violate 'the basic concept of our system that legal burdens should bear some relationship to individual responsibility. . . .' Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 175, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972)."
 
 
 8
 411 U.S. at 686, 93 S.Ct. at 1770.
 
 
 9
 Mr. Justice Powell, joined by the Chief Justice and Mr. Justice Blackmun, thought it unnecessary to decide the case on the expansive "suspect classification" rationale and chose instead to rely solely on Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). Moreover, Mr. Justice Powell noted the pendency of the Equal Rights Amendment as prompting judicial restraint:
 
 
 10
 "[D]emocratic institutions are weakened, and confidence in the restraint of the Court is impaired, when we appear unnecessarily to decide sensitive issues of broad social and political importance at the very time they are under consideration within the prescribed constitutional process."
 
 
 11
 411 U.S. at 692, 93 S.Ct. at 1773.
 
 
 12
 Reversed and remanded.
 
 
 
 [1]
 "[W]hile the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is 'so unjustifiable as to be violative of due process."' Frontiero v. Richardson, - U.S. -, 93 S.Ct. 1764 n. 5, 36 L.Ed.2d 583 n. 5 (1973); Shapiro v. Thompson, 394 U.S. 618, 642, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969)