Abdullah MUHAMMAD,
Plaintiff-Appellant,

v.

SECRETARY OF the ARMY, et al.,
Defendants-Appellees.

No. 85–3541.

United States Court of Appeals,
Ninth Circuit.

Submitted * Sept. 5, 1985.
Decided Sept. 12, 1985.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a); Ninth Circuit Rule 3(f).

Abdullah Muhammad, pro se.

Gene S. Anderson, U.S. Atty., Richard E. Cohen, Asst. U.S. Atty., Seattle, Wash., Craig Niederpruen, Washington, D.C., for defendants-appellees.

■■■■■■■■■■■■■

Before WRIGHT, PREGERSON, and ALARCON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

Abdullah Muhammad challenges his discharge from the Army on the following grounds: breach of contract, deprivation of civil rights, cruel and unusual punishment, denial of equal protection and due process, negligence, and medical malpractice. We must determine whether the district court properly dismissed the action for failure to exhaust intra-service administrative remedies.

**FACTS:**

Muhammad enlisted in the Army in April, 1981 and was discharged on March 11, 1982 for fraudulently enlisting without divulging prior convictions as required in the enlistment process. On the required forms he indicated that he had been arrested but the only offense listed was a $10 parking violation. He indicated he had never spent time in prison. Based on this information, he was enlisted in the Army.

On July 18, 1980, before enlisting, Muhammad legally changed his name from Leon Williams to Abdullah Muhammad. He had been arrested as Williams 18 times on charges including theft, assault, robbery and rape and was convicted and incarcerated for some of them.

In October, 1981, Army officials learned of this extensive criminal record. His commander instituted separation procedures, of which Muhammad was notified. He consulted with an attorney and provided statements on his own behalf. On March 12, 1982, his enlistment was voided for fraudulent entry and he was released from service. His service was not characterized as honorable or dishonorable because of its short duration.

**ANALYSIS:**

■ Military discharge decisions are subject to judicial review. *Denton v. Secretary of the Air Force*, 483 F.2d 21, 24 (9th Cir.1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974); *Schlanger v. United States*, 586 F.2d 667, 671 (9th Cir.1978), *cert. denied*, 441 U.S. 943, 99 S.Ct. 2161, 60 L.Ed.2d 1045 (1979).

■ We ordinarily require exhaustion of an agency's remedies before we will review an administrative decision. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 51–52, 58 S.Ct. 459, 463–64, 82 L.Ed.2d 638 (1938). Strict application of the exhaustion requirement in military discharge cases maintains the balance between military authority and the federal courts. *Von Hoffburg v. Alexander*, 615 F.2d 633, 637 (5th Cir.1980). The Fifth Circuit has noted four circumstances in which exhaustion will not be required: (1) if the remedies do not provide an opportunity for adequate relief; (2) if the petitioner will suffer irreparable harm if compelled to seek administrative relief; (3) if administrative appeal would be futile; or (4) if substantial constitutional questions are raised. *Id.* at 638. No circumstances negating the exhaustion requirement exist here.

**BREACH OF CONTRACT:**

■ Muhammad claims that the recruiter was aware that Muhammad had changed names and told him not to include prior convictions under his former name on his enlistment forms. He alleges that the Army has breached its four-year enlistment contract with him and requests reinstatement with back pay, promotions and money damages.

The breach of contract claim is reviewable by the Army Board for Correction of Military Records (ABCMR), which can grant the requested reinstatement to active duty and back pay. *See* 10 U.S.C. § 1552. The appellant has available to him the addi-

tional procedures of filing an Article 138 (UCMJ) complaint under 10 U.S.C. § 938 and filing a claim for relief under Army Regulation 600–21 (Equal Opportunity Program in the Army).

## CONSTITUTIONAL CLAIMS:

 Muhammad alleges that his civil rights were violated and that he was subjected to cruel and unusual punishment but he alleges no facts to support either claim. These vague constitutional claims present no substantial question which would negate the exhaustion requirement.

 He alleges further that he was denied due process because the Army failed to investigate his claim that the recruiter misled him and that he was denied a hearing before a military courts martial. Whether the Army failed to properly investigate or provide a hearing is a matter of military regulation and can be corrected through administrative appeal. *See Hodges v. Callaway*, 499 F.2d 417, 422 (5th Cir.1974) (Army is the primary authority for interpretation of its regulations). Even more significantly, if the military appeal process fails to give appropriate relief, the process itself will produce a record for appeal to the courts.

## NEGLIGENCE AND MALPRACTICE:

 Muhammad appears to be asserting malpractice because of treatment he received for a gum disease and possibly for psychiatric evaluations done while he was in the service. We have struggled with his brief and can come to no clearer understanding of these claims. We must dismiss them without reaching the merits because Muhammad has again failed to seek the administrative relief which may be available to him. *See* 28 U.S.C. § 2675(a); *Caidin v. United States*, 564 F.2d 284, 286 (9th Cir.1977).

## CONCLUSION:

The dismissal of this action for failure to exhaust administrative remedies is AFFIRMED.