988 F.2d 131
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Abdullah MUHAMMAD, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5166.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1993.
 
 Cl.Ct.
 AFFIRMED.
 Before RICH, LOURIE and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Abdullah Muhammad appeals from the final order of the United States Claims Court[1] granting the government's motion to dismiss Muhammad's complaint, denying Muhammad's motion for summary judgment, and directing dismissal with prejudice. Muhammad v. United States, No. 92-133 C (Cl.Ct. June 26, 1992). Because the trial court was without jurisdiction to hear Muhammad's claims, we affirm.
 
 DISCUSSION
 
 2
 On July 18, 1980, Muhammad legally changed his name from Leon Williams to Abdullah Muhammad. As Leon Williams, he had been arrested on numerous occasions on charges including theft, assault, robbery, and rape and was convicted and incarcerated for certain of those offenses. Muhammad enlisted in the Army on April 7, 1981 for a term of four years. On his enlistment application, Muhammad indicated that he had been arrested for only one offense, a $10 parking violation. He failed to disclose his extensive criminal record and falsely attested that he had never served any time in prison.
 
 
 3
 On October 15, 1981, Army officials learned of Muhammad's criminal record and initiated procedures to separate him from the Army. On March 11, 1982, the Army voided Muhammad's enlistment for fraudulent entry and released him from active duty. His term of service was not characterized as honorable or dishonorable because of its short duration.
 
 
 4
 On May 9, 1983, Muhammad brought an action in the U.S. District Court for the Western District of Washington challenging his discharge from the Army on the grounds of breach of contract, deprivation of civil rights, cruel and unusual punishment, and denial of equal protection and due process. The district court dismissed the complaint, and on appeal, the U.S. Court of Appeals for the Ninth Circuit affirmed the dismissal for failure to exhaust administrative remedies. Muhammad v. Secretary of the Army, 770 F.2d 1494 (9th Cir.1985).
 
 
 5
 On April 18, 1988, Muhammad sought relief from the Army Board for the Correction of Military Records (Board). Muhammad requested that his uncharacterized discharge be characterized as honorable. He did not, however, request reinstatement into the Army, back pay, or any other monetary relief. The Board denied Muhammad's request for correction for failure to file within the prescribed time period.[2]
 
 
 6
 On May 23, 1991, Muhammad filed another action in the U.S. District Court for the Western District of Washington seeking compensatory and punitive damages in the amount of $15,000,000 for wrongful termination of his Army enlistment contract, intentionally inflicted emotional distress, and violation of his civil rights. The district court granted the government's motion to dismiss Muhammad's federal tort and civil rights claims and ordered that the breach of contract/wrongful discharge claim be transferred to the U.S. Claims Court.
 
 
 7
 Upon transfer to the Claims Court, Muhammad amended his complaint to claim compensation for an alleged deprivation of various constitutionally-protected rights, including denial of due process and equal protection of the law. The trial court concluded that Muhammad's discharge from the Army was not substantively or procedurally defective and that he was not otherwise entitled to monetary relief. Accordingly, the trial court dismissed Muhammad's complaint with prejudice.
 
 
 8
 In reaching its decision to dismiss, the trial court applied the Ninth Circuit's ruling requiring exhaustion of administrative remedies as law of the case. The trial court accordingly determined that Muhammad's breach of contract claim was time-barred because he had failed to raise the claim at the administrative level under 10 U.S.C. § 1552 (1988) and was now prohibited from doing so under the three-year limitations period of 10 U.S.C. § 1552(b).[3] Although Muhammad had filed a request with the Board in 1988, he sought only an upgrading of his discharge, did not allege a breach of contract, and did not seek reinstatement or back pay. The trial court concluded that because Muhammad was not time-barred from seeking such relief from the Board and because he was precluded from raising the issue for the first time on judicial review, his breach of contract claim was no longer actionable. Regarding Muhammad's constitutionally-based claims, the trial court decided that it had no authority to redress the alleged deprivations through a monetary award.
 
 
 9
 We review decisions of the Claims Court to determine whether they are "incorrect as a matter of law" or premised on "clearly erroneous" factual determinations. Whitney Benefits, Inc. v. United States, 926 F.2d 1169, 1171 (Fed.Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 406 (1991); Yancey v. United States, 915 F.2d 1534, 1537 (Fed.Cir.1990). We agree with the trial court's ultimate conclusion that Muhammad's action based on wrongful discharge was neither timely nor meritorious. However, we reach that determination on a ground different from that of the trial court.
 
 
 10
 We do not agree with the trial court's decision to follow the Ninth Circuit's ruling requiring exhaustion of remedies before judicial review could be pursued. Although the ruling of the Ninth Circuit is entitled to great deference under the law of the case doctrine, see Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 900 (Fed.Cir.), cert. denied, 469 U.S. 857 (1984), federal courts are of limited jurisdiction, and may not alter the scope of either their own or another court's statutory mandate. See Williams v. Secretary of the Navy, 787 F.2d 552, 557 (Fed.Cir.1986).
 
 
 11
 Under 28 U.S.C. § 2501 (1988), "[e]very claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Because the six-year limitations period constitutes an express condition to the government's waiver of sovereign immunity, it must be strictly applied. See Soriano v. United States, 352 U.S. 270, 273-74 (1957); Library of Congress v. Shaw, 478 U.S. 310, 318 (1986).
 
 
 12
 The law is well settled that for purposes of section 2501, "a cause of action against the government has 'first accrued' only when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577 (Fed.Cir.1988). Ordinarily, in cases challenging wrongful discharge from service, the cause of action accrues upon the discharge. See Kirby v. United States, 201 Ct.Cl. 527, 531 (1973), cert. denied, 417 U.S. 919 (1974).
 
 
 13
 Muhammad was discharged from the Army on March 11, 1982, and thus his claim for breach of contract/wrongful discharge first accrued on that date. Muhammad did not file his complaint in the district court until May 23, 1991, a date that serves as the filing date for the Claims Court action under 28 U.S.C. § 1631 (1988). Because Muhammad filed his action well after the six-year limitations period had expired, the Claims Court lacked jurisdiction over it.
 
 
 14
 Furthermore, apart from the issue of untimeliness, we agree with the trial court that it was without authority to hear Muhammad's claims involving alleged violations of constitutionally-protected rights because none of the asserted claims is premised on a money-mandating provision that affords the trial court subject matter jurisdiction. See, e.g., Montalvo v. United States, 231 Ct.Cl. 980, 983 (1982) (due process clause does not in itself obligate the government to pay money damages). In order to come within the Tucker Act jurisdiction of the Claims Court, Muhammad must here show that his claims arise under an independent source of federal law that provides a damages remedy for violations. See Hatter v. United States, 953 F.2d 626, 628 (Fed.Cir.1992). In the absence of a money-mandating provision, a separate waiver of sovereign immunity is required beyond the Tucker Act's consent to suit, see Huston v. United States, 956 F.2d 259, 261 (Fed.Cir.1992), and none exists here.
 
 
 15
 Accordingly, the Claims Court's dismissal of this action is affirmed.
 
 
 
 [1]
 Pursuant to Title IX of the Federal Courts Administration Act of 1992, Pub.L. No. 102-572, 106 Stat. 4506, the United States Claims Court was renamed the United States Court of Federal Claims effective October 29, 1992
 
 
 [2]
 In order to seek relief from the Board, a claimant is required to file a request for correction within three years after he discovers an alleged error or injustice. 10 U.S.C. § 1552(b) (1988). The Board determined that Muhammad's correction claim became actionable on March 11, 1982, the effective date of his discharge. Because Muhammad filed his request well after the three-year limitations period had expired and because he failed to show why his untimely filing should be excused, the Board concluded that his claim was time-barred
 
 
 [3]
 In addition, the trial court determined that Muhammad had failed to state a claim upon which relief may be granted. Although Muhammad alleged that his Army recruiter was aware of Muhammad's criminal record and agreed to suppress that information, the trial court concluded that any enlistment contract premised on such an unauthorized act was void and unenforceable against the United States. Because we conclude that the claim is time-barred, we need not reach this other ground of dismissal