Lieutenant Colonel Jane ABLE, Petty Officer Robert Heigle, First Lieutenant Kenneth Osborn, Sergeant Steven Spencer, Lieutenant Richard Von Wohld, and Seaman Werner Zehr, Plaintiffs,

v.

UNITED STATES of America, and William J. Perry, Secretary of Defense, in his official capacity, Defendants.

No. CV 94–0974.

United States District Court,
E.D. New York.

Sept. 22, 1994.

Sullivan & Cromwell (David H. Braff, Michael Lacovara, Penny Shane, Julie B. Crockett, Eulalia Mack, of counsel), American Civil Liberties Union Foundation (Ruth E. Harlow, William B. Rubenstein, Marc E. Elovitz, of counsel), Lambda Legal Defense & Educ. Fund (Evan Wolfson, Beatrice Dohrn, of counsel), New York City, for plaintiffs.

Department of Justice (Richard G. Lepley, Vincent M. Garvey, of counsel), Department of Army (Captain Tara O. Hawk, Office of the Judge Advocate General, of counsel), Washington, DC, Zachary W. Carter, U.S. Atty. (Charles S. Kleinberg, of counsel), Brooklyn, for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Plaintiffs, six members of the United States Armed Services (the Services) alleging they are homosexual, brought this action against the United States and the Secretary of Defense for (a) a declaration that Section 571 of the National Defense Authorization Act for the Fiscal Year 1994 (the Act), 10 U.S.C. § 654, concerning the Service's policy as to homosexuals, and Regulations issued under the Act, are invalid under the First and Fifth Amendments, and (b) an order enjoining the defendants from enforcing the Act and the Regulations. Defendants have moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint.

. By Memorandum and Order dated April 4, 1994, familiarity with which is assumed, this court granted plaintiffs a preliminary injunction based on their free speech and equal protection claims. *Able v. United States*, 847 F.Supp. 1038 (E.D.N.Y.1994) (*"Able I"*). The pertinent facts are recited in that opinion. *Id.* at 1039–41.

### EXHAUSTION OF REMEDIES

■ Defendants say the court should dismiss the complaint without prejudice to allow defendants to subject plaintiffs to administrative discharge proceedings where plaintiffs allegedly could prove that they have no intent or propensity to engage in homosexual acts.

In *Able I* this contention was before the court and rejected on the grounds that "plaintiffs raise constitutional questions and irreparable injury will occur without preliminary judicial relief." *Able I*, 847 F.Supp. at 1043 (citing *Guitard v. United States Secretary of Navy*, 967 F.2d 737, 741 (2d Cir. 1992)); *see also Downen v. Warner*, 481 F.2d 642, 643 (9th Cir.1973) (constitutional issues "singularly suited to a judicial forum and clearly inappropriate to an administrative board"). The court adheres to its holding in *Able I*.

### EQUAL PROTECTION

The first claim says, in pertinent part,

24. The Act and the DoD Regulations violate plaintiffs' right to equal protection of the law under the Fifth Amendment to the United States Constitution. The Act and the DoD Regulations intentionally discriminate against gay and lesbian service members, including plaintiffs, and subject them to different and punitive treatment.

In moving for dismissal of this claim defendants say the legislative history of the Act, the Act itself, and the Regulations show that both the Act and the Regulations bear a rational relationship to a legitimate governmental goal. They thus argue that without taking any evidence the court should determine as a matter of law the Act and the Regulations do not deprive plaintiffs of equal protection.

As it did in *Able I*, this court assumes for the purposes of this motion that the Act and Regulations are subject to only minimal equal protection scrutiny. By that standard they are valid if the distinction they make is "rationally related to a legitimate governmental purpose," *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 446, 105 S.Ct. 3249, 3258, 87 L.Ed.2d 313 (1985).

■ Under Rule 12(b)(6) the court may not dismiss the claim unless it determines that there is no set of facts under which the Act and Regulations violate equal protection. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court cannot make that judgment on the face of the complaint.

Congress is entitled to deference where the constitutional rights of service members are implicated. *See, e.g., Weiss v. United States*, —— U.S. ——, ——, 114 S.Ct. 752, 761, 127 L.Ed.2d 1 (1994). But "Congress, of course, is subject to the requirements of the Due Process Clause when legislating in the area of military affairs." *Id.* at ——, 114 S.Ct. at 760. Plaintiffs are entitled to attempt to prove that the findings underlying the Act are based solely on prejudice or fear of prejudice, *see Palmore v. Sidoti*, 466 U.S. 429, 433, 104 S.Ct. 1879, 1882, 80 L.Ed.2d 421 (1984), or otherwise that there is no rational relationship between the Act's classification and a legitimate government purpose.

### FREE SPEECH AND EXPRESSION

■ The second claim says, in pertinent part,

27. Because of the impermissible content-based and viewpoint-based burdens imposed by the Act and the DoD Regulations, as well as their chilling effect, the Act and the DoD Regulations violate plaintiffs' First Amendment rights of free speech and free expression, as well as the rights of plaintiffs and other service members, whether lesbian and gay or not, to receive the protected speech that the Act and the DoD Regulations impermissibly prohibit, chill and burden.

Defendants say this claim should be dismissed because self-identification as homo-

sexual is reliable evidence of an intention to engage in homosexual acts, not protected speech.

A person's identification of himself or herself as homosexual would be relevant evidence in a prosecution for commission of a proscribed homosexual act where intent to commit the act was in issue. *See, e.g., Wisconsin v. Mitchell,* — U.S. —, — —, 113 S.Ct. 2194, 2200–01, 124 L.Ed.2d 436 (1993). But for reasons explained in *Able I* the Act and Regulations go beyond such use of plaintiffs' speech.

As that opinion noted plaintiffs' self-identification contains both speech and non-speech elements, and there is a serious question as to whether the Act and Regulations restrict speech more than is necessary to protect any substantial governmental interest. *Able I,* 847 F.Supp. at 1042 (citing *Brown v. Glines,* 444 U.S. 348, 355, 100 S.Ct. 594, 600, 62 L.Ed.2d 540 (1980)). The free speech claim is sufficient.

### EXPRESSIVE AND INTIMATE ASSOCIATION

The third claim says, in pertinent part,

30. By broadly punishing any associational activity that might identify plaintiffs as lesbian or gay service members, the Act and the DoD Regulations violate plaintiffs' rights of expressive and intimate association, as embodied in the First and Fifth Amendments.

■ The Supreme Court recognizes two types of constitutionally-protected association—expressive and intimate. The right to expressive association is "a right to associate for the purpose of engaging in those activities protected by the First Amendment." *Roberts v. United States Jaycees,* 468 U.S. 609 at 618, 104 S.Ct. 3244 at 3249, 82 L.Ed.2d 462 (1984).

The right to expressive association is derivative of the First Amendment right to freedom of speech. Plaintiffs say that, just as the complaint states a claim the Act and Regulations infringe plaintiffs' right to freedom of speech, so it also states a claim for a violation of plaintiffs' right to expressive association.

■ The right to intimate association is a separate claim related to the right to privacy. The right of intimate association "receives protection as a fundamental element of personal liberty." *United States Jaycees,* 468 U.S. 609, 617–18, 104 S.Ct. 3244, 3249, 82 L.Ed.2d 462 (1984).

■ To have standing to raise this claim plaintiffs must establish three elements.

"First, [they] must have suffered an 'injury in fact'—an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent.... Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"

*Lujan v. Defenders of Wildlife,* — U.S. —, —, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (citations omitted).

■ The complaint does not allege that plaintiffs face imminent harm under the Act and Regulations based on any acts of intimate association. Rather, the plaintiffs have identified themselves as homosexual and face imminent harm based on the provisions of the Act and Regulations concerning speech. The intimate association claim thus fails to satisfy the first element of standing.

### VAGUENESS AND OVERBREADTH

The fourth claim says, in pertinent part,

33. The Act and the DoD Regulations are vague, unintelligible, inconsistent and overbroad, and fail to give plaintiffs (and other lesbian and gay service members) adequate notice of what speech, conduct or behavior is proscribed and/or can form the basis for investigation and discharge.

### A. Overbreadth

■ A claim of overbreadth permits a plaintiff whose behavior could be proscribed under a narrowly drawn statute to challenge the validity of a statute because it "reaches a substantial amount of constitutionally protected conduct." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S.

489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982).

In *Brockett v. Spokane Arcades, Inc.* the Supreme Court explained that overbreadth challenges are permitted because a statute "threatens others not before the court— those who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution or undertake to have the law declared partially invalid." *Brockett,* 472 U.S. 491, 503, 105 S.Ct. 2794, 2802, 86 L.Ed.2d 394 (1985).

But, as the Court said,

> "[i]t is otherwise where the parties challenging the statute are those who desire to engage in protected speech that the overbroad statute purports to punish, or who seek to publish both protected and unprotected material. There is then no want of a proper party to challenge the statute, no concern that an attack on the statute will be unduly delayed or protected speech discouraged."

*Id.,* at 504, 105 S.Ct. at 2802.

Here plaintiffs say that to proscribe their conduct—explicitly identifying themselves as homosexual—is unconstitutional. They are thus proper parties to challenge the Act and Regulations. The overbreadth claim, therefore, is not properly raised.

## B. *Vagueness*

Plaintiffs claim that 10 U.S.C. § 654(f)(3)(A) & (B), together with procedures for rebutting the presumption that one has a "propensity" to engage in homosexual conduct, make it impossible for them to know what behavior will subject them to discharge.

Subsection (3) defines a "homosexual act" as "(A) any bodily contact, actively undertaken or passively permitted, between members of the same sex for the purpose of satisfying sexual desires; and (B) any bodily contact which a reasonable person would understand to demonstrate a propensity or intent to engage in an act described in subparagraph (A)." 10 U.S.C. § 654(f)(3)(A) & (B).

 The Act and Regulations are "void for vagueness" only if they fail to (1) "give the person of ordinary intelligence a reasonable opportunity to know what is pro-

hibited, so that he may act accordingly" or (2) "provide explicit standards for those who apply them." *Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972). Furthermore, where military regulation is at issue "Congress is permitted to legislate with both greater breadth and with greater flexibility" than in the civilian context. *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2561–62, 41 L.Ed.2d 439 (1974).

 At the margins there may be difficulty in knowing what type of behavior a reasonable person would "understand to demonstrate a propensity or intent to engage in" further bodily contact "for the purpose of satisfying sexual desires." 10 U.S.C. § 654(f)(3)(B). But the Act and Regulations are not void for vagueness " 'simply because difficulty is found in determining whether certain marginal offenses fall within their language.' " *Id.* at 757, 94 S.Ct. at 2562.

In any event, plaintiffs may not challenge the Act and Regulations as facially vague. Ordinarily plaintiffs may challenge a statute as vague both as applied to them and on its face where First Amendment rights are implicated. *See Smith v. Goguen,* 415 U.S. 566, 576–77, 94 S.Ct. 1242, 1249, 39 L.Ed.2d 605 (1974). But "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker,* at 756, 94 S.Ct. at 2562.

## CONCLUSION

That portion of the third claim that challenges the Act and Regulations as a violation of the right to intimate association is dismissed. The fourth claim that challenges the Act and Regulations as unconstitutionally overbroad and vague is dismissed. The defendants' motion is otherwise denied.

So Ordered.