**Lieutenant Colonel Jane ABLE, Petty Officer Robert Heigl, First Lieutenant Kenneth Osborn, Sergeant Steven Spencer, Lieutenant Richard von Wohld, and Seaman Werner Zehr, Plaintiffs,**

v.

**UNITED STATES of America, and William J. Perry, Secretary of Defense, in his official capacity, Defendants.**

No. CV 94–0974.

United States District Court, E.D. New York.

Dec. 2, 1994.

---

Sullivan & Cromwell (David H. Braff, Michael Lacovara, Penny Shane, Julie B. Crockett, Eulalia Mack, of counsel), American Civ. Liberties Union Foundation (Ruth E. Harlow, William B. Rubenstein, Marc E. Elovitz, of counsel), Lambda Legal Defense & Educ. Fund (Evan Wolfson, Beatrice Dohrn, of counsel), New York City, for plaintiffs.

Dept. of Justice (Richard G. Lepley, Vincent M. Garvey, of counsel), Washington, DC,

Dept. of the Army (Captain Tara O. Hawk, Office of the Judge Advocate Gen., of counsel), Zachary W. Carter, U.S. Atty. (Charles S. Kleinberg, of counsel), Brooklyn, NY, for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Plaintiffs, six members of the United States Armed Services (the Services) who say they are gay and lesbian, brought this action against the United States and the Secretary of Defense for (a) a declaration that Section 571 of the National Defense Authorization Act for Fiscal Year 1994 (the Act), 10 U.S.C. § 654, concerning the Service's policy as to homosexuals, and Regulations issued under the Act, are invalid under the First and Fifth Amendments, and (b) an order enjoining the defendants from enforcing the Act and the Regulations.

By two orders, dated April 4 and May 9, 1994, familiarity with which is assumed, this court granted plaintiffs' preliminary injunction motions preventing defendants from enforcing against plaintiffs the Act and Regulations. *Able v. U.S.*, 847 F.Supp. 1038 (E.D.N.Y.1994) (*"Able I"*); *Able v. U.S.*, No. 94 CV 0974 (E.D.N.Y. May 9, 1994). The relevant facts are recited in *Able I* at 1039–41.

By Memorandum and Order dated September 14, 1994, familiarity with which is assumed, this court granted defendants' motion to dismiss the complaint with respect to plaintiffs' intimate association, vagueness and overbreadth claims, but denied defendants' motion to dismiss the other claims. *Able v. U.S.*, 863 F.Supp. 112 (E.D.N.Y.1994) (*"Able II"*).

In particular, the court held that: (1) plaintiffs were not required to exhaust their administrative remedies; (2) plaintiffs' complaint stated an equal protection claim; and (3) plaintiffs' complaint stated a first amendment claim. *Able II*, at 114–115.

Defendants now move pursuant to 28 U.S.C. § 1292(b) for certification of an interlocutory appeal from the denial of their motion to dismiss.

## I

A party seeking leave to appeal a district court's interlocutory order must first obtain certification from that court pursuant to 28 U.S.C. § 1292(b). In order to certify, the district court must find that: (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and that (3) "appeal from the order may materially advance the ultimate termination of the litigation...." *Id.*

■ The trial judge has substantial discretion in deciding whether or not to certify, *see D'Ippolito v. Cities Service Co.*, 374 F.2d 643, 649 (2d Cir.1967); *Ferraro v. Secretary of HHS*, 780 F.Supp. 978, 979 (E.D.N.Y.1992).

■ The court should construe the requirements for certification strictly, *see Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990), and certify only where exceptional circumstances warrant. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978); *Klinghoffer*, at 24–25; *Abortion Rights Mobilization, Inc. v. Regan*, 552 F.Supp. 364, 366 (S.D.N.Y.1982).

## II

■ In *Able II*, the court rejected defendants' argument that plaintiffs must exhaust their administrative remedies before bringing an action in federal court. Because there is no "substantial ground for difference of opinion" on its decision, 28 U.S.C. § 1292(b), the court will not certify the exhaustion issue.

Military discharge cases require "strict application of the exhaustion doctrine." *Guitard v. U.S. Secretary of Navy*, 967 F.2d 737, 740 (2d Cir.1992). But the Court of Appeals for the Second Circuit has held that, even in the military context, there are exceptions to this requirement. *Id.*, at 741.

Specifically, "[e]xhaustion of administrative remedies may not be required when: (1) available remedies provide no 'genuine opportunity for adequate relief'; (2) irreparable injury may occur without immediate judicial

relief; (3) administrative appeal would be 'futile'; and (4) in certain instances a plaintiff has raised a 'substantial constitutional question.'" *Id.* (citation omitted).

Three of these exceptions apply to the *Able* plaintiffs. First, to require plaintiffs to exhaust administrative remedies would be to place them in danger of the same imminent and irreparable injury that motivated this court to grant the preliminary injunction. *Able I*, at 1043; *Able II*, at 114. Second, in *Able II* this court also held that exhaustion was not required because "'plaintiffs raise constitutional questions." *Id.*

Third, plaintiffs lack a meaningful or "adequate" administrative remedy. Under the exhaustion doctrine "a party may not seek federal judicial review *of an adverse administrative determination* until the party has first sought all possible relief within the agency itself." *Guitard,* at 740 (emphasis added) (plaintiff sought federal review *after* a Board of Inquiry recommended discharge). *See also, Michaelson v. Herren,* 242 F.2d 693, 696 (2d Cir.1957) (plaintiff sought to enjoin his discharge); *Guerra v. Scruggs,* 942 F.2d 270, 275–77 (4th Cir.1991); *Muhammad v. Secretary of the Army,* 770 F.2d 1494, 1495 (9th Cir.1985); *Von Hoffburg v. Alexander,* 615 F.2d 633 (5th Cir.1980).

The *Able* plaintiffs do not allege that they face pending discharge proceedings; rather, they identified themselves as gay or lesbian when they brought this case. They were not obliged to await discharge proceedings before bringing their action. The exhaustion requirement is inappropriate where plaintiffs are not seeking review of an adverse administrative determination. *Cf., Guitard* at 740.

Furthermore, exhaustion would mean "allow[ing] defendants to subject plaintiffs to administrative discharge proceedings [to] prove that they have no intent or propensity to engage in homosexual acts." *Able II,* at 114. *See also, Defendants' Memorandum in Support of Motion to Dismiss,* at 13 & n. 7 (citing notice and hearing requirements for discharge proceedings and the "new procedures which provide each plaintiff with an opportunity to rebut [the propensity presumption] ).

Because an administrative agency may not correct an Act of Congress, *see Johnpoll v. Thornburgh,* 898 F.2d 849, 851 (2d Cir.1990), plaintiffs could not successfully attack the underlying constitutionality of the Act and Regulations through administrative proceedings. They could only try to rebut the presumption of a propensity to engage in homosexual acts. Even if plaintiffs could do so, they would not obtain the relief they seek—namely, the right to identify themselves as homosexual and the right not to be discriminated against on the basis of their sexual orientation.

Because second circuit case law supports this court's conclusion that exhaustion is not required, there is no substantial ground for difference of opinion, *see Walker v. Eastern Air Lines, Inc.,* 785 F.Supp. 1168, 1174 (S.D.N.Y.1992), and certification is not appropriate.

### III

■ Defendants also seek to certify this court's ruling that plaintiffs' equal protection claim survived a threshold 12(b)(6) motion to dismiss. The court finds this question not ripe for appellate review.

■ The court should not freely certify orders involving the sufficiency of pleadings, *see Gottesman v. General Motors Corp.,* 268 F.2d 194, 196 (2d Cir.1959), in part because "[i]nherent in the requirements of section 1292(b) [certification] is that the issue certified be ripe for judicial determination." *Oneida Indian Nation, etc. v. County of Oneida,* 622 F.2d 624, 628 (2d Cir.1980).

■ Where the record has not yet developed far enough to permit considered appellate disposition of the claim presented, the case may not be "ripe" for interlocutory review. *See Paschall v. Kansas City Star Co.,* 605 F.2d 403, 406 (8th Cir.1979) ("Consideration of the factual basis must be such that a sound premise exists upon which the legal issues can be determined with precision"); 16 Charles A. Wright, et al., Federal Practice and Procedure § 3930, at 157 and n. 3; James W. Moore, et al., Moore's Federal Practice ¶ 110.22[2], at n. 26.

In *Able II,* this court held that, even under minimum rational basis scrutiny and with appropriate deference to congressional legislation in the military context, "plaintiffs are entitled to attempt to prove that the findings underlying the Act are based solely on prejudice or fear of prejudice, *see Palmore v. Sidoti,* 466 U.S. 429, 433, 104 S.Ct. 1879, 1882, 80 L.Ed.2d 421 (1984), or otherwise that there is no rational relationship between the Act's classification and a legitimate government purpose." *Able II* at 114. *See also, City of Cleburne, Tex. v. Cleburne Living Center,* 473 U.S. 432, 446, 448–451, 105 S.Ct. 3249, 3258, 3259–60, 87 L.Ed.2d 313 (1985).

Plaintiffs have " '[t]he burden ... to negative every conceivable basis which might support' " the legislative enactment. *Heller v. Doe,* —— U.S. ——, ——, 113 S.Ct. 2637, 2643, 125 L.Ed.2d 257 (1993) (citation omitted). It is only logical, then, that plaintiffs should have an opportunity to make such a showing.

Because plaintiffs should be allowed to develop the factual record before a determination is made as to the constitutionality of the Act and Regulations, the court's order denying defendants' motion to dismiss the equal protection claim is not ripe for appellate review.

### IV

■ The same reasoning applies to defendants' request for certification on the first amendment claim. Because plaintiffs are entitled to develop a factual record in order to prove that the Act and Regulations "restrict speech more than is necessary to protect any substantial governmental interest," *Able II,* at 115 (citing *Brown v. Glines,* 444 U.S. 348, 355, 100 S.Ct. 594, 600, 62 L.Ed.2d 540 (1980)), the question is not ripe for appellate review and will not be certified.

### V

Defendants' motion to certify for interlocutory appeal the court's September 14, 1994 Memorandum and Order is denied.

So Ordered.