**LABORERS LOCAL 17 HEALTH & BENEFIT FUND and the Transport Workers Union New York City Private Bus Lines Health Benefit Trust, Plaintiffs,**

v.

**PHILIP MORRIS, INC., R.J. Reynolds Tobacco Co., Brown & Williamson Tobacco Corp., B.A.T. Indus. P/L/C/. Lorillard Tobacco Co., Inc., Liggett & Myers Inc., The American Tobacco Co., United States Tobacco Co., The Council for Tobacco Research–USA, Inc., The Tobacco Institute, Inc., Smokeless Tobacco Council, Inc, and Hill & Knowlton, Inc., Defendants.**

Nos. 97 CIV. 4550(SAS), 97 CIV. 4676, 97 CIV. 7346, 97 CIV. 8462 and 97 CIV. 9395 through 97 CIV. 9402.

United States District Court,
S.D. New York.

April 28, 1998.

Luxenberg, P.C., New York, NY, Melvyn I. Weiss, David J. Bershad, Michael C. Spencer, Kenneth J. Vianale, Milberg Weiss Bershad Hynes & Lerach LLP, New York, NY, William S. Lerach, Patrick J. Coughlin, Allen M. Mansfield, Milberg Weiss Bershad Hynes & Lerach LLP, San Diego, CA, Robert J. Connerton, James S. Ray, John McN. Broaddus, Connerton & Ray, Washington, DC, Stephen Gordon, Joel Spivak, Mirkin & Gordon, Great Neck, NY, for Laborers Local 17 (97 Civ. 4550), UFT (97 Civ. 4676).

Michael A. Ciaffa, G. Oliver Koppell, Meyer, Suozzi, English & Klein, P.C., Mineola, NY, Robert S. Schachter, Natalie Blaney, Zwerling, Schachter & Zwerling, LLP, New York, NY, for Eastern States (97 Civ. 9346), Puerto Rican ILGWU (97 Civ. 8462), Later–Filed Actions (97 Civ. 9396 through 97 Civ. 9402).

Levy, Ratner & Behroozi, p.c., New York, NY, David Paul Horowitz, Law Office of David Paul Horowitz, New York, NY for plaintiffs in cases 97 Civ. 9399, 97 Civ. 9401 only.

Peter C. Hein, Barbara Robbins, Wachtell, Lipton, Rosen & Katz, New York, NY, Marjorie Press Lindblom, Peter A. Bellacosa, Kirkland & Ellis, New York, NY, David M. Bernick, Kirkland & Ellis, Chicago, IL, Robert W. Gaffey, Michael S. Chernis, Jones, Day, Reavis & Pogue, New York, NY, Alan E. Mansfield, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, New York, NY, for Defendants in All Actions.

Paul K. Stecker, Paul F. Jones, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, NY, for Philip Morris, Inc.

Kenneth N. Bass, Paul B. Taylor, Kirkland & Ellis, Washington, DC, for defendant Brown & Williamson Tobacco Corp., including as successor by merger to defendant The American Tobacco Co.

Robert F. McDermott, Jr., Donald B. Ayer, Jones, Day, Reavis & Pogue, Washington, DC, for defendant R.J. Reynolds Tobacco Co., RJR Nabisco Holdings Corp., RJR Nabisco, Inc.

Mark Cunha, Adam Stein, Simpson Thacher & Bartlett, New York, NY, for defendant B.A.T Industries p.l.c. in all cases, British–

Perry Weitz, Arthur M. Luxenberg, Steven E. Fineman, Karen J. Mandel, Weitz &

American Tobacco Company Ltd. in all cases except 97 Civ. 9395–9398, 97 Civ. 9400, 97 Civ. 9402.

Thomas J. McCormack, Robert Pruyne, Chadbourne & Parke, New York, NY, for British–American Tobacco Company Ltd. in cases 97 Civ. 9395–9398, 97 Civ. 9400, 97 Civ. 9402.

Robert E. Northrip, Bruce R. Tepikian, Samuel B. Sebree, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, for Lorillard Tobacco Co.

Peter J. McKenna, Eric S. Sarner, Mark S. Cheffo, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, for U.S. Tobacco Co.

Anthony Mansfield, Seward & Kissel, New York, NY, for Tobacco Institute, Inc.

Steven Klugman, Debevoise & Plimpton, New York, NY, for Council for Tobacco Research–U.S.A., Inc.

Michael M. Fay, Kasowitz, Benson, Torres & Friedman, New York, NY, for Liggett Group, Inc.

Bruce M. Ginsberg, Michael C. Lasky, Davis & Gilbert, New York, NY, for Hill & Knowlton, Inc.

Barry S. Schaevitz, Jacob, Medinger & Finnegan, LLP, New York, NY, for Smokeless Tobacco Council, Inc.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

■ On March 25, 1998, I denied substantial portions of defendants' motion to dismiss these complaints for failure to state a claim. Defendants now seek certification for interlocutory review of that order under 28 U.S.C. § 1292(b). Certification is appropriate when an order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b) (1994). Defendants raise three issues that they believe warrant immediate review:

1. Whether plaintiffs have pled a direct claim for injuries proximately caused by defendants, as is required to state a RICO claim.

2. Whether plaintiffs have pled injury to their business or property, as is also required under RICO.

3. Whether the Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331–40 (1994), preempts plaintiffs' state law fraud and breach of special duty claims.

■ Questions one and two merely challenge the sufficiency of the pleadings. "It would seem axiomatic that appeals challenging pre-trial rulings upholding pleadings against demurrer could not be effective in bringing nearer the termination of litigation; on the contrary, they only stimulate the parties to more and greater pre-trial sparring apart from the merits." *Gottesman v. General Motors Corp.*, 268 F.2d 194, 196 (2d Cir.1959); *see also Able v. United States*, 870 F.Supp. 468, 471 (E.D.N.Y.1994) (court "should not freely certify orders involving the sufficiency of pleadings"). If reworded more broadly, however, "the issues attempted to be formulated ... [in those questions] can decisively advance the termination of this litigation." *Gottesman*, 268 F.2d at 197. Accordingly, instead of defendants' questions one and two I will certify the following question:

Whether, under the circumstances alleged in plaintiffs' complaint, economic injuries incurred by a union health care trust fund are purely derivative of the physical injuries which its participants suffered, and are therefore too remote to permit recovery as a matter of law.

The issue lies at the heart of this action, and recent decisions addressing the remoteness issue in tobacco liability cases have come to widely varying conclusions. *Compare, e.g., City and County of San Francisco v. Philip Morris, Inc.*, 957 F.Supp. 1130 (N.D.Cal. 1997); *Southeast Florida Laborers District Health & Welfare Fund v. Philip Morris*, No. 97–8715–CIV, slip op., 1998 WL 186878 (S.D.Fla. Apr. 14, 1998); *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, No. 97–5344, slip op., 1998 WL 212846 (E.D.Pa. Apr. 22, 1998)(motions to dismiss granted on remoteness grounds); *with State ex rel. Thomas J. Miller v. Philip Morris, Inc.*, 577 N.W.2d 401 (Iowa 1998)

(interlocutory appeal; affirming decision dismissing four counts on remoteness grounds and rejecting remoteness argument for remaining five counts) and *Maryland v. Philip Morris Inc.*, 1997 WL 540913 (Md.Cir.Ct. 1997); *Texas v. The American Tobacco Co.*, No. 5–96CV–91, slip op. (E.D.Tex. Sept. 8, 1997) (motions to dismiss on remoteness grounds denied). There is manifestly substantial ground for difference of opinion. Because a reversal on this issue would likely result in dismissal of the case, the most efficient course is to seek review before the parties and the district court engage in protracted litigation. I therefore certify the above question for immediate review.

■ I also certify defendants' question three, as it also involves a controlling and potentially dispositive question of law "as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b).

Application for an appeal under § 1292(b) "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." *Id.* As neither party is seeking a stay of pretrial proceedings during interlocutory review, pretrial discovery will continue throughout any § 1292(b) appeal.

SO ORDERED.