**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH A. WEBB, | No. 16-55652 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-08807-SVW-SS |
| v. | |
| SECRETARY U.S. ARMY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 8, 2017**

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Kenneth A. Webb appeals pro se from the district court's order dismissing

his action against the Secretary of the United States Army. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P.

12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm in part,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

vacate in part, and remand.

The district court properly dismissed Webb's action because Webb failed to allege facts sufficient to show that he had exhausted his administrative remedies or was excused from exhaustion. *See Muhammad v. Sec'y of Army*, 770 F.2d 1494, 1495 (9th Cir. 1985) (military personnel are required to exhaust available intraservice remedies before seeking judicial review); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint must offer more than "naked assertions devoid of further factual enhancement" (citation, internal quotation marks, and alterations omitted)). Because a dismissal for failure to exhaust administrative remedies should be without prejudice, *see O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 (9th Cir. 2007), we vacate the judgment in part and remand for the district court to dismiss Webb's action without prejudice.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**